This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## State of Indiana v. Jordan M Bennett

| | |
|---|---|
| Case Number | 48C04-1812-F4-003110 |
| Court | Madison Circuit Court 4 |
| Type | F4 - Felony 4 |
| Filed | 12/17/2018 |
| Status | 12/17/2018 , Pending (active) |

## Parties to the Case

**Defendant**   Bennett, Jordan M

<u>Description</u>
Male, White, 5' 8", 135 lbs.

<u>Address</u>
1210 Alexandria Pike
APT 5
Anderson, IN 46012

<u>Other Agency Numbers</u>

000000683192   Indianapolis Metropolitan Police

<u>Attorney</u>
Stephen Paul Murphy
#2103049, Retained

PO BOX 24671
INDPLS, IN 46224
317-941-3490(W)

**State Plaintiff**   State of Indiana

<u>Attorney</u>
Peter Joseph Beyel
#3442149, Lead

16 E. 9th Street
Anderson, IN 46016
(317) 846-8999(W)

<u>Attorney</u>
Mary Lena Hutchison
#2557949

16 E. 9th St.
Anderson, IN 46016
765-641-9580(W)

**Probation Department**   TEAM 4

**Victim Advocate**   Coon, Katie

<u>Address</u>
Box 72

## Charges

01   12/11/2017   35-42-4-3(b)/F4: Child Molesting Fondling or touching with child under 14.

Statute
    35-42-4-3(b)

Degree
    F4

## Bonds

12/18/2018   Madison Corporate Surety Bond

Amount                $20,000.00
Status                12/18/2018 - Surety Bond Received By Clerk

## Chronological Case Summary

| 12/17/2018 | **Case Opened as a New Filing** |

| 12/18/2018 | **Surety Bond Entered in Clerk's Office** |

12/20/2018   **Motion Filed**

State's Request For 72-Hour Continuance/Extension of Initial Hearing filed under 48C05-1812-MC-3073.

Filed By:              State of Indiana
File Stamp:            12/12/2018

12/20/2018   **Order Issued**

Order For 72-Hour Extension, under 48C05-1812-MC-3073, filed. State's Request For 72-Hour Extension is granted. Cause submitted, evidence heard. The Court finds probable cause exists for the arrest and continued detention of the defendant, having been arrested on 12/11/18. State is granted to and including 12/1718 in which to file formal charges. Bond set in the sum of $35,000.00, bail bond only. Defendant is advised of his rights, along with the 72-hour extension and the charges under which said extension is granted. Jason Childers, Magistrate rg

Order Signed:          12/12/2018

12/20/2018   **Appearance Filed**

For Party:             State of Indiana
File Stamp:            12/17/2018

12/20/2018   **Probable Cause Affidavit Filed**
Confidential

File Stamp:            12/12/2018

12/20/2018   **Notice of Exclusion of Confidential Information**
A.R. 9

Filed By:              State of Indiana
File Stamp:            12/17/2018

12/20/2018   **Probable Cause Affidavit Filed**

Probable cause found, after 72-hour extension on 12/12/18. Defendant arrested on a warrantless arrest on 12/11/18. Bond now set in the sum of $20,000.00. Jason Childers, Magistrate rg

File Stamp:            12/12/2018

12/20/2018   **Information Filed**
Charging Information

File Stamp:            12/17/2018

| 12/20/2018 | **Notice Filed** |
|---|---|

State's Notice Of Intent to File Habitual Offender Or Habitual Substance Offender Sentence Enhancement filed.

| File Stamp: | 12/17/2018 |
|---|---|

| 12/20/2018 | **Order on Initial Hearing** |
|---|---|

Initial Hearing

Financial Hearing

Initial hearing held. Automatic plea of not guilty is entered. OMNIBUS DATE: 2/17/19. Defendant requests public defender. Request granted. Jason Childers, Magistrate rg (state/public defender)

| Order Signed: | 12/17/2018 |
|---|---|

| 12/20/2018 | **No Contact Order Issued** |
|---|---|

Confidential

| Order Signed: | 12/17/2018 |
|---|---|

| 12/20/2018 | **No Contact Order Issued** |
|---|---|

Redacted

| Order Signed: | 12/17/2018 |
|---|---|

**12/20/2018 Notice Issued**

The Court, noting initial hearing was held on 12/17/18, now appoints Paul Podlejski to represent the defendant. Disposition/trial setting is scheduled for 4/2/19 at 9:00 a.m.. State shall provide initial discovery and any plea offer within 30 days of filing. Parties will conduct an informal pretrial, which is set for 1/17/19 at 1:30 p.m., and file a report of said conference with the court. Any continuance of the disposition/trial setting date will delay the trial date, and will therefore extend applicable timelines under Criminal Rule 4. Defendant is ordered to appear at all scheduled hearings, except for the informal pretrial. David A. Happe, Judge rg (state/podlejski)

| 12/20/2018 | **Discovery Order Entered** |
|---|---|

| Judicial Officer: | Happe, David A |
|---|---|
| Order Signed: | 12/20/2018 |

**12/20/2018 Hearing Scheduling Activity**

Hearing scheduled for 04/02/2019 at 9:00 AM.

| 12/20/2018 | **Bond Form Filed** |
|---|---|

Surety (Suzette's Bail Bonds) posts bond, defendant released 12/18/18. rg

| File Stamp: | 12/20/2018 |
|---|---|

| 12/20/2018 | **No Contact Order Issued** |
|---|---|

Confidential - Signed by Defendant on 12/13/18

| Order Signed: | 12/12/2018 |
|---|---|

**12/21/2018 Automated ENotice Issued to Parties**

Order Issued ---- 12/20/2018 : TEAM 4;Paul J Podlejski Order on Initial Hearing ---- 12/20/2018 : TEAM 4;Paul J Podlejski

Notice Issued ---- 12/20/2018 : TEAM 4;Paul J Podlejski Discovery Order Entered ---- 12/20/2018 : TEAM 4;Paul J Podlejski

Hearing Scheduling Activity ---- 12/20/2018 : TEAM 4;Paul J Podlejski

| 12/21/2018 | **Notice Filed** |
|---|---|

Case Assigned to Mary Hutchison, includes TCN

| Filed By: | State of Indiana |
|---|---|
| File Stamp: | 12/21/2018 |

| 12/28/2018 | **Correspondence to/from Court Filed** |
| | Victim Advocate Information |

| | Filed By: | State of Indiana |
| | File Stamp: | 12/27/2018 |

| 12/29/2018 | **Automated ENotice Issued to Parties** |
| | Correspondence to/from Court Filed ---- 12/28/2018 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Paul J Podlejski |

| 01/02/2019 | **Appearance Filed** |
| | Appearance of Stephen Murphy. Paul Podlejski is now removed as public defender for the defendant. (Notice: State/Podlejski/Murphy) |

| | For Party: | Bennett, Jordan M |
| | File Stamp: | 01/02/2019 |

| 01/16/2019 | **Notice Filed** |
| | State's Notice of Discovery Compliance |

| | Filed By: | State of Indiana |
| | File Stamp: | 01/16/2019 |

| 02/21/2019 | **Motion Filed** |
| | Motion for Early Discovery Responses |
| | 2019-2-12 Interrogatories.pdf |
| | Motion for Early Discovery Responses |

| | Filed By: | Bennett, Jordan M |
| | File Stamp: | 02/13/2019 |

| 03/06/2019 | **Notice Issued** |
| | Hearing on defendant's Motion for Early Discovery Responses is set for 4/16/19 at 9:00 a.m. Disposition/Trial setting on 4/2/19 is vacated and will be held on 4/16/19 along with motions hearing. (Notice: State/Murphy) |

| 03/06/2019 | **Hearing Scheduling Activity** |
| | Hearing originally scheduled on 04/02/2019 at 9:00 AM was rescheduled to 04/16/2019 at 9:00 AM. Reason: Court's Own Motion. |

| 03/07/2019 | **Automated ENotice Issued to Parties** |
| | Notice Issued ---- 3/6/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling Activity ---- 3/6/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy |

| 03/13/2019 | **Motion Filed** |
| | Motion to Immediately Vacate the No Contact Order |

| | Filed By: | Bennett, Jordan M |
| | File Stamp: | 03/12/2019 |

| 03/18/2019 | **Notice Issued** |
| | Defendant's motion to vacate no-contact order to be addressed at the 4/16/19 disposition or trial setting hearing. rg |

| 03/19/2019 | **Automated ENotice Issued to Parties** |
| | Notice Issued ---- 3/18/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy |

**04/16/2019** **Hearing**

Session:
          04/02/2019 9:00 AM, Rescheduled

Session:
          04/16/2019 9:00 AM, Judicial Officer: Happe, David A

| Comment: | D/T and motions |
| Result: | Commenced and concluded |

**04/22/2019** **Hearing Journal Entry**

This matter comes before the Court for disposition or trial setting and motions hearing. State appears by Mary Hutchison, Deputy Prosecutor. Defendant appears in person and by counsel Stephen Murphy. Hearing held. This cause is set for trial by jury on 8/19/19 at 8:30 a.m. A trial readiness is scheduled for 7/23/19 at 9:00 a.m. Parties notified in open court of said dates. Evidence and argument heard on defendant's motion to vacate no-contact order. Said motion is denied. rg (state/murphy)

| Judicial Officer: | Happe, David A |
| Hearing Date: | 04/16/2019 |

**04/22/2019** **Order Denying**

Defendant's motion for early discovery responses is denied. rg

| Judicial Officer: | Happe, David A |
| Order Signed: | 04/16/2019 |

**04/22/2019** **Hearing Scheduling Activity**

Jury Trial scheduled for 08/19/2019 at 8:30 AM.

**04/22/2019** **Hearing Scheduling Activity**

Hearing scheduled for 07/23/2019 at 9:00 AM.

**04/23/2019** **Automated ENotice Issued to Parties**

Hearing Journal Entry —- 4/22/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling Activity —- 4/22/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling Activity —- 4/22/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy

**04/23/2019** **Invalid Email: Automated Paper Notice Issued to Parties**

Hearing Journal Entry – 4/22/2019 : Karla Montgomery Hearing Scheduling Activity – 4/22/2019 : Karla Montgomery Hearing Scheduling Activity – 4/22/2019 : Karla Montgomery

**04/29/2019** **Appearance Filed**

Amended Appearance of Stephen Murphy for Defendant

| For Party: | Bennett, Jordan M |
| File Stamp: | 04/29/2019 |

**07/14/2019** **Motion for Continuance Filed**

Defense Motion to Continue Jury Trial

Order Granting Motion to Continue Jury Trial
Defense Motion to Continue Jury Trial

| Filed By: | Bennett, Jordan M |
| File Stamp: | 07/13/2019 |

| 07/14/2019 | **Motion To Compel** |
|---|---|
| | Motion to Compel |
| | Order Granting Motion to Compel |
| | Defense Motion |
| | Filed By: | Bennett, Jordan M |
| | File Stamp: | 07/13/2019 |

| 07/16/2019 | **Notice Issued** |
|---|---|
| | Defendant's Motion for Continuance will be addressed at the 7/23/19 trial readiness hearing. (Notice: State/Murphy) |

| 07/16/2019 | **Order Denying Motion to Compel Discovery** |
|---|---|
| | Per 12/20/18 Discovery Order, motions to compel must set out with particularity the items sought and the efforts made to obtain the discovery before seeking court intervention. (Notice: State/Murphy) |
| | Judicial Officer: | Happe, David A |
| | Order Signed: | 07/15/2019 |

| 07/17/2019 | **Automated ENotice Issued to Parties** |
|---|---|
| | Notice Issued —– 7/16/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Order Denying Motion to Compel Discovery —– 7/16/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy |

| 07/17/2019 | **Motion for Continuance Filed** |
|---|---|
| | Defendant's Amended Motion to Continue Jury Trial |
| | Filed By: | Bennett, Jordan M |
| | File Stamp: | 07/16/2019 |

| 07/23/2019 | **Hearing** |
|---|---|
| | Session: |
| | | 07/23/2019 9:00 AM, Judicial Officer: Happe, David A |
| | Comment: | Trial readiness |
| | Result: | Commenced and concluded |

| 07/24/2019 | **Motion Filed** |
|---|---|
| | Request for Immediate Preparation of Transcript of Hearing |
| | Filed By: | Bennett, Jordan M |
| | File Stamp: | 07/23/2019 |

| 07/26/2019 | **Hearing Journal Entry** |
|---|---|
| | This matter comes before the court scheduled for trial readiness and for hearing on defendant's motion to continue jury trial. State appears by Mary Hutchison, Deputy Prosecutor. Defendant appears in person and by counsel, Stephen Murphy. Hearing conducted. Defendant's Interrogatories to State are quashed. Defendant's motion for continuance is denied. No contact order remains in effect. Cause remains set for trial by jury on 8/19/18 at 8:30 a.m., currently 5th Choice. (Notice: State/Murphy) |
| | Judicial Officer: | Happe, David A |
| | Hearing Date: | 07/23/2019 |

| 07/27/2019 | **Automated ENotice Issued to Parties** |
|---|---|
| | Hearing Journal Entry —– 7/26/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy |

| 07/27/2019 | **Invalid Email: Automated Paper Notice Issued to Parties** |
|---|---|
| | Hearing Journal Entry – 7/26/2019 : Karla Montgomery |

**08/01/2019**    **Notice Filed**

States Notice of Supplemental Discovery

| | |
|---|---|
| Filed By: | State of Indiana |
| File Stamp: | 07/31/2019 |

**08/06/2019**    **Motion for Continuance Filed**

Motion to Continue Jury Trial

| | |
|---|---|
| Filed By: | Bennett, Jordan M |
| File Stamp: | 08/04/2019 |

**08/07/2019**    **Order Granting Motion for Continuance**

The jury trial presently scheduled for 8/19/19 is continued and reset on February 10, 2020, at 8:30 a.m. A trial readiness is scheduled for January 14, 2020 at 1:30 p.m. rg (state/murphy)

| | |
|---|---|
| Judicial Officer: | Happe, David A |
| Order Signed: | 08/06/2019 |

**08/07/2019**   Hearing Scheduling Activity

Jury Trial originally scheduled on 08/19/2019 at 8:30 AM was rescheduled to 02/10/2020 at 8:30 AM. Reason: By Request.

**08/07/2019**   Hearing Scheduling Activity

Hearing scheduled for 01/14/2020 at 1:30 PM.

**08/08/2019**   Automated ENotice Issued to Parties

Order Granting Motion for Continuance ---- 8/7/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling Activity ---- 8/7/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling Activity ---- 8/7/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy

**08/08/2019**   Invalid Email: Automated Paper Notice Issued to Parties

Order Granting Motion for Continuance -- 8/7/2019 : Karla Montgomery Hearing Scheduling Activity -- 8/7/2019 : Karla Montgomery Hearing Scheduling Activity -- 8/7/2019 : Karla Montgomery

**09/11/2019**    **Notice Filed**

States Notice of Supplemental Discovery

| | |
|---|---|
| Filed By: | State of Indiana |
| File Stamp: | 09/11/2019 |

**10/09/2019**    **Motion Filed**

Defendant's Motion to Vacate the No-Contact Order

| | |
|---|---|
| Filed By: | Bennett, Jordan M |
| File Stamp: | 10/09/2019 |

**10/09/2019**    **Motion Filed**

Defendant's Motion to Vacate the No-Contact Order (Confidential)

| | |
|---|---|
| Filed By: | Bennett, Jordan M |
| File Stamp: | 10/09/2019 |

**10/14/2019**   **Notice Issued**

Hearing on defendant's motion to vacate no-contact order is set for November 26, 2019 at 1:30 p.m. rg (state/murphy)

**10/14/2019**   Hearing Scheduling Activity

Hearing scheduled for 11/26/2019 at 1:30 PM.

**10/14/2019**   **Notice Issued**

Defect Notice

**10/15/2019   Automated ENotice Issued to Parties**

Notice Issued —— 10/14/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Hearing Scheduling
Activity —— 10/14/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy Notice Issued ——
10/14/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy

**10/15/2019    Notice of Exclusion of Confidential Information**

Defendant's Notice of Exclusion of Confidential Information

Filed By:              Bennett, Jordan M
File Stamp:          10/15/2019

**11/01/2019    Motion to Dismiss Filed**

Defense Motion to Dismiss

REDACTED Memorandum in Support of Motion to Dismiss_Redacted

Memorandum in Support of Motion to Dismiss

AR9

Defendant's Motion to Dismiss

Filed By:              Bennett, Jordan M
File Stamp:          10/30/2019

**11/13/2019    Notice Issued**

Notice of Defect

**11/14/2019   Automated ENotice Issued to Parties**

Notice Issued —— 11/13/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy

**11/17/2019    Notice Filed**

State's Notice of Discovery Compliance

Filed By:              State of Indiana
File Stamp:          11/15/2019

**11/17/2019    Notice of Exclusion of Confidential Information**

Defendant's Notice of Exclusion of Confidential Information

Filed By:              Bennett, Jordan M
File Stamp:          11/15/2019

**11/17/2019    Memorandum/Brief Filed**

Defendant's Memorandum in Support of Motion to Dismiss

Filed By:              Bennett, Jordan M
File Stamp:          11/15/2019

**11/17/2019    Memorandum/Brief Filed**

Defendant's Memorandum in Support of Motion to Dismiss - Confidential

Filed By:              Bennett, Jordan M
File Stamp:          11/15/2019

**11/21/2019   Notice Issued**

State given 10 days from today to file a response to defendant's motion to dismiss. (Notice: State/Murphy)

**11/22/2019   Automated ENotice Issued to Parties**

Notice Issued —— 11/21/2019 : TEAM 4;Karla Montgomery;Mary Lena Hutchison;Stephen Paul Murphy

**11/26/2019**   **Hearing**

Session:

         11/26/2019 1:30 PM, Judicial Officer: Happe, David A

| Comment: | Vacate No-Contact Order |
|---|---|
| Result: | Commenced and concluded |

**12/02/2019**   **Notice Filed**

Notice of Change of Address

| Filed By: | Bennett, Jordan M |
|---|---|
| File Stamp: | 11/26/2019 |

**12/04/2019**   **Notice Filed**

Case Reassigned to Peter Beyel

| Filed By: | State of Indiana |
|---|---|
| File Stamp: | 12/03/2019 |

**12/09/2019**   **Hearing Journal Entry**

This matter comes before the court scheduled for hearing on defendant's motion to vacate no contact order. State appears by Mary Hutchison, Deputy Prosecutor. Defendant appears in person and by counsel, Stephen Murphy. Cause submitted, argument heard. Motion denied. Hearing on defendant's motion to dismiss will be heard on 1/14/20 at 1:30 p.m., along with trial readiness hearing. (Notice: State/Murphy)

| Judicial Officer: | Happe, David A |
|---|---|
| Hearing Date: | 11/26/2019 |

**12/10/2019**   **Automated ENotice Issued to Parties**

Hearing Journal Entry ---- 12/9/2019 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**12/23/2019**   **Motion Filed**

Motion for Earlier Trial Readiness Conference Setting

| Filed By: | State of Indiana |
|---|---|
| Filed By: | Bennett, Jordan M |
| File Stamp: | 12/19/2019 |

**12/30/2019**   **Order Issued**

Defendant's Motion for Earlier Hearing is granted. Trial readiness and motion to dismiss hearing set for 1/14/20 is vacated and reset for 1/9/20 at 9:00 a.m. (Notice: State/Murphy)

| Order Signed: | 12/26/2019 |
|---|---|

**12/31/2019**   **Automated ENotice Issued to Parties**

Order Issued ---- 12/30/2019 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**01/08/2020**   **Hearing Scheduling Activity**

Hearing scheduled for 01/09/2020 at 9:00 AM.

**01/08/2020**   **Hearing Scheduling Activity**

Hearing scheduled for 01/14/2020 at 1:30 PM was cancelled. Reason: Other.

**01/09/2020**   **Hearing**

Session:

         01/09/2020 9:00 AM, Judicial Officer: Happe, David A

| Comment: | Trial Readiness/Motion to Dismiss |
|---|---|
| Result: | Commenced and concluded |

**01/09/2020** **Automated ENotice Issued to Parties**

Hearing Scheduling Activity —— 1/8/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy Hearing Scheduling Activity —— 1/8/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**01/14/2020** **CANCELED Hearing**

| | |
|---|---|
| Reason: | Other |
| Session: | |
| | 01/14/2020 1:30 PM, Cancelled |
| Comment: | Trial readiness |

**01/16/2020** **Hearing Journal Entry**

This matter comes before the court scheduled for hearing on defendant's motion to dismiss and trial readiness. State appears by Peter Beyel, Deputy Prosecutor. Defendant appears in person and by counsel, Stephen Murphy. Cause submitted, argument heard. Motion to dismiss taken under advisement. Trial readiness held. Parties are advised that this matter does not fall within the top five choices based on age or speedy trial request and the jury trial set for 2/10/20 is continued due to court congestion. The Court now resets this matter for trial by jury on 7/6/20 at 8:30 a.m. Trial readiness is reset for 6/16/20 at 1:30 p.m. Parties are notified in open court of said dates. (Notice: State/Murphy)

| | |
|---|---|
| Judicial Officer: | Happe, David A |
| Hearing Date: | 01/09/2020 |

**01/16/2020** **Hearing Scheduling Activity**

Hearing scheduled for 06/16/2020 at 1:30 PM.

**01/16/2020** **Hearing Scheduling Activity**

Jury Trial originally scheduled on 02/10/2020 at 8:30 AM was rescheduled to 07/06/2020 at 8:30 AM. Reason: By Request.

**01/17/2020** **Automated ENotice Issued to Parties**

Hearing Journal Entry —— 1/16/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy Hearing Scheduling Activity —— 1/16/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy Hearing Scheduling Activity —— 1/16/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**02/10/2020** **Order Denying Motion to Dismiss**

| | |
|---|---|
| Judicial Officer: | Happe, David A |
| Order Issued: | 02/10/2020 |

**02/11/2020** **Automated ENotice Issued to Parties**

Order Denying Motion to Dismiss —— 2/10/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**02/20/2020** **Motion Filed**

Motion to Vacate No Contact Order

| | |
|---|---|
| Filed By: | Bennett, Jordan M |
| File Stamp: | 02/19/2020 |

**02/27/2020** **Notice Issued**

Hearing on defendant's motion to vacate no contact order is set for 3/31/20 at 1:30 p.m. (Notice: State/Murphy)

**02/27/2020** **Hearing Scheduling Activity**

Hearing scheduled for 03/31/2020 at 1:30 PM.

**02/28/2020**   **Automated ENotice Issued to Parties**

Notice Issued — 2/27/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy Hearing Scheduling Activity — 2/27/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**03/27/2020**   **Court Order - Own Motion**

Due to the ongoing COVID-19 issue, the court continues the modification of no contact order hearing set for 3/31/20 to 5/19/20 at 1:30 p.m. (Notice: State/Murphy)

Judicial Officer:                    Happe, David A

**03/27/2020**   **Hearing Scheduling Activity**

Hearing originally scheduled on 03/31/2020 at 1:30 PM was rescheduled to 05/19/2020 at 1:30 PM. Reason: Court's Own Motion.

**03/28/2020**   **Automated ENotice Issued to Parties**

Hearing Scheduling Activity — 3/27/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**04/09/2020**   **Court Order - Own Motion**

Trial readiness set for 6/16/20 is vacated and reset for 6/23/20 at 1:30 p.m.

Judicial Officer:                    Happe, David A

**04/09/2020**   **Hearing Scheduling Activity**

Hearing originally scheduled on 06/16/2020 at 1:30 PM was rescheduled to 06/23/2020 at 1:30 PM. Reason: Court's Own Motion.

**04/10/2020**   **Automated ENotice Issued to Parties**

Hearing Scheduling Activity — 4/9/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**05/12/2020**   **Notice Issued**

Due to the current COVID-19 public health crisis, the hearing scheduled for 5/19/20 will be held remotely by Zoom, Webex or telephonically. If held by Zoom or Webex the Court will email counsel a link to join. If counsel supplies email addresses for parties/witnesses, the court will email a link to them. If any participant thinks there is any reason that this case cannot be conducted remotely, that participant must file an objection well before the scheduled date of the hearing. The failure to raise any such objection before the date of the hearing will waive any right to conduct the hearing in person. If an individual case cannot proceed remotely for some reason, it is more likely that the scheduled hearing will be continued to a later date than conducted in person on the scheduled date.

**05/13/2020**   **Automated ENotice Issued to Parties**

Notice Issued — 5/12/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**05/19/2020**   **Hearing**

Session:

05/19/2020 1:30 PM, Judicial Officer: Happe, David A

Comment:                    Modification of No Contact Order
Result:                        Commenced and concluded

**05/20/2020**   **Hearing Journal Entry**

This matter comes before the court scheduled for hearing on defendant's motion to modify no contact order. State appears by Mary Hutchison, Deputy Prosecutor. Defendant and counsel, Stephen Murphy, appear via Zoom. Cause submitted, evidence heard. Cause taken under advisement. (Notice: State/Murphy)

Judicial Officer:                    Happe, David A
Hearing Date:                      05/19/2020

**05/21/2020**    **Automated ENotice Issued to Parties**

Hearing Journal Entry —— 5/20/2020 : TEAM 4;Katie Coon;Mary Lena Hutchison;Peter Joseph Beyel;Stephen Paul Murphy

**06/23/2020**    **Hearing**

Session:

06/16/2020 1:30 PM, Rescheduled

Session:

06/23/2020 1:30 PM, Judicial Officer: Happe, David A

Comment:               Trial Readiness

**07/06/2020**    **Jury Trial**

Session:

08/19/2019 8:30 AM, Rescheduled

Session:

02/10/2020 8:30 AM, Rescheduled

Session:

07/06/2020 8:30 AM, Judicial Officer: Happe, David A

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

**POWER OF ATTORNEY**

THE NORTH RIVER INSURANCE COMPANY
11480 Westheimer Rd., Suite 300 • Houston, TX 77077
P.O. Box 2807 • Houston, Texas 77252-2807
(713) 954-8100    (713) 954-8293 FAX

POWER NO. ✱✱✱T25-50715155✱✱✱

POWER AMOUNT $  ✱✱✱25,000.00✱✱✱

This Power of Attorney is granted pursuant to Article V of the By-Laws of THE NORTH RIVER INSURANCE COMPANY as now in full force and effect. Article V, Execution of Instruments- Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice-President, the Secretary, or any Assistant Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements (b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

The obligation of the Company shall not exceed the sum of ✱✱✱ Twenty Five Thousand  Dollars and Zero Cents✱✱✱ and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF,  THE NORTH RIVER INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _18th_ DAY of _December_ MONTH _2018_ YEAR

Bond Amount $ _20,000_

Defendant _Jordan Bennett_

Charges _____

Court _48C04 1812 F4 003110_

Case No. _____

City _Anderson_  State _IN_

If rewrite, original No. _____

Executing agent _Suzette Stokes_ NAME

By _Robert Crawford_
Robert Crawford
Vice President

VOID IF NOT ISSUED BY:  08/01/2019

**FOR STATE USE ONLY**
*NOT VALID IF USED IN FEDERAL COURT*

COPY FOR COURT

S-0023NR A  REV. (05/15)

# THE NORTH RIVER INSURANCE COMPANY

11490 Westheimer Road, Suite # 300 •Houston, Texas 77077
(713) 954-8100 • (713) 954-8389 FAX

48204 1812 F4003112

**APPEARANCE BOND**

Power of Attorney Number **T25-50715155**

IN _____ **COURT, STATE OF INDIANA**

**STATE OF INDIANA**
vs.                               } S.S.          **COUNTY OF** MAdiSon
Jordan Bennett

Known All Men By These Presents:

THAT we, **Suzette's Bail Bonds** as principal and THE NORTH RIVER INSURANCE COMPANY, as surety, jointly and severally acknowledge ourselves bound to the State of Indiana in the sum of ($20,000) _____ dollars. If Jordan Bennett shall appear on the _____ day of _____, 20_____, in the _____ court, to answer a charge of _____ and from day to day and from term to term thereof, and abide the order of the court until said cause is determined and not depart therefrom without leave, then this recognizance shall be void, else to remain in full force. If the above-named defendant shall not appear at any time fixed on this bond, the court shall thereupon declare this bond to be forfeited and notice of such forfeiture shall be mailed to THE NORTH RIVER INSURANCE COMPANY, the surety, at 11490 Westheimer Road, Suite # 300, Houston, Texas 77077 and 1000 Main St, Anderson, In 46016

(Bondsman - Address)

in MAdiSon _____ County and State of Indiana. And if the surety hereon shall not produce said defendant, and does not pay all costs and late surrender fees in compliance with IC 27-10-2-12, the court shall, three hundred sixty-five (365) days after the mailing of the above notice to the surety. And bondsman, declare the bond forfeited, enter judgement forthwith against the surety and certify the judgement to the clerk for record. Such forfeiture shall be without pleading and without change of judge or change of venue. The obligators on such bond may appeal to the ruling of the court and appeal, to the court of appeals as in other civil cases, and on appeal the evidence may be reviewed. Execution shall issue forthwith to the sheriff against the properties of each of us to be levied as other executions are levied. If the defendant escapes from the custody of The North River Insurance Company and is subsequently captured in a State of the United States other than the one in which the original charge was filed or in a foreign country, the Defendant does hereby agree to return voluntarily to the State of original jurisdiction, and does hereby waive extradition proceedings and further consents to the application of such force as may be necessary to effect such return.

WITNESS our hand and seal this ___18th___ day of December, 20 18.

Taken and approved this ___18th___

day of December, 20 18

Ualters
(Officer Taking Surety)

2018-26712-2FL

Jordan Bennett (L.S.)
(Defendant)

**THE NORTH INSURANCE COMPANY**

Suzette Stokes (L.S.)
Attorney-In-Fact

---

**THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.**



THIS BOND NOT VALID UNLESS ACCOMPANIED BY AN INDIVIDUALLY NUMBERED POWER OF ATTORNEY PROPERLY EXECUTED.

This form is in accordance with Section (5), Chapter 241 of the 1969 Acts of Indiana

IN-33

Note: This is an Application Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be used as a Bond on Appeal

IN _____ Court,

COUNTY OF _____

**STATE OF INDIANA**
**VS.**

# APPEARANCE BOND

Filed this _____ day of _____ 20 ____

Filed this _____ day of _____ 20 ____

Clerk _____ Court

## MADISON COUNTY (INDIANA) CIRCUIT COURT
### CRIMINAL DIVISION
### ANDERSON, INDIANA
### RULES FOR DEFENDANTS ON BOND

The undersigned defendant acknowledges receipt of a copy of these Rules and agrees to be bound by the following Rules and Regulations while at liberty on bond in any division of the Madison Circuit Court:

1) Defendant will personally appear at all hearings and trials scheduled in this matter, and at other times as directed by the Court unless excused in writing by the Court; Notice to Defendant's Attorney of Record will be deemed notice to the Defendant;

2) Defendant will keep his attorney and bondsman informed of his current address and of a phone number where he/she can be reached at all times; If defendant moves from the address he/she has provided, within 48 hours of the move, he/she shall notify his attorney and bondsman of his new address;

3) Defendant shall not leave the State of Indiana without notifying his/her attorney and obtaining written approval of the Court;

4) Defendant will not commit a crime while released on bond; A probable cause determination by the Court will constitute a violation of this provision;

5) If a victim is alleged in the criminal charge filed against the defendant, defendant shall have no contact, direct, indirect or through social media with the alleged victim;

6) Defendant will comply with all other specific bond or release requirements issued by the court and noted by a CCS entry, written order, or oral bench order made in open court;

7) Defendant will comply with all other requirements of law, and of the bond agreement or undertaking between the defendant and his/her surety and/or bondsman;

**IF THE COURT HAS CAUSE TO BELIEVE THE DEFENDANT HAS FAILED TO ABIDE BY ANY OF THE ABOVE REQUIREMENTS, A WARRANT MAY ISSUE FOR DEFENDANT'S ARREST, AND IN ACCORDANCE WITH APPLICABLE STATUES, THE SURETY AND BONDSMAN MAY BE NOTIFIED, ORDERED TO SURRENDER THE DEFENDANT, AND/OR SUFFER FORFEITURE OF THE POSTED BOND.**

Jordan M. Bennett _____   _Jordan Bennett_____   12/18/2018
-Defendant's Printed Name-        -Defendant's Signature-    Date

Defendant's Current Street Address  _2416 Sunset Blvd_

City _Anderson_        State _Indiana_

Witness: _Sgt Campbell_ Relationship to Defendant or Title: _Sgt_

Cause Number: 48C ___ 0 TMC - 6152

(Sheriff and Court Staff: No Defendant may be released on bond UNTIL this Form has been executed.) 8/2013

| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
|---|---|---|
| | ) SS: | OF MADISON COUNTY |
| COUNTY OF MADISON | ) | |

STATE OF INDIANA                                2018 TERM

v.                                CAUSE NO.: 48C0 5-1812-MC-3073

JORDAN M BENNETT                 $35,000

## STATE'S REQUEST FOR 72 HOUR CONTINUANCE/EXTENSION OF INITIAL HEARING

COMES NOW the State of Indiana, by and through RODNEY J. CUMMINGS,

Prosecuting Attorney for the 50th Indiana Judicial Circuit, and moves the Court, pursuant to I.C.

35-33-7-3(b), for a seventy-two (72) hour continuance/extension of the Initial Hearing scheduled

in this matter and, in support thereof, states:

That more time is required to review and evaluate the case and determine what Charge (s), if
    any, should be filed. That potentially, the State may charge the Defendant with the charge

**CHILD MOLESTING (FONDLING OR TOUCHING)**

WHEREFORE, the State of Indiana respectfully moves the Court to grant this motion for

a seventy-two (72) hour continuance/extension of the Initial Hearing and for all other

relief just and proper in the premises.

Respectfully submitted,

RODNEY J. CUMMINGS (15723-48)
PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT, Madison County Government
Center16 East 9th Street, Box 5 Anderson, IN 46016

IN MADISON COUNT CIRCUIT COURT

DEC 1 2 2018

Darlene Likens

# ORDER FOR 72 HOUR EXTENSION

Cause No.        48C0 _5_ -1812-MC- _3073_

Date :            December 12, 2018

State vs:         JORDAN M. BENNETT

✓    Cause submitted and evidence heard on the State's request for 72 Hour Extension.
The Court hereby finding that probable cause exists for the arrest and continued detention of the above named Defendant, the State is granted to and including the 17TH day of December  2018 at 1:00 P.M. in which to file formal charges against said Defendant. The Defendant having arrested on the 11th day of December 2018 and being currently incarcerated in the Madison County Detention Center, is ordered to appear before the Court forthwith.

✓    BOND: $35,000 - Bail Bond only

✓    The Defendant having appeared before the Court and having been duly advised of his/her rights hereunder, along with the 72 Hour Extension and the charges under which 72 Hour Extension is granted, is hereby remanded to the custody of the Sheriff.

✓    Defendant states under oath that he/she has no fund with which to employ counsel, and the Court having found so, now appoints _____, Public Defender of this Court, to represent the Defendant herein.

_____
Judge / Criminal Commissioner

Charge **CHILD MOLESTING (FONDLING)**

2416 Sunset Blvd. Anderson, IN. 46013

M/W  DOB 07/19/1991        SSN:XXX-XX-3926

APD #2018-43825

cell : 317- 992-5659

FILED
IN MADISON COUNTY CIRCUIT COURT

DEC 12 2018

Darlene Likens
CLERK

## APPEARANCE FORM (CRIMINAL)
### State of Indiana

Case Number:   48C04-1812-F4-003110

1.   Name of Defendant:  Jordan M. Bennett

2.   Case Type of proceeding:  CR

3.   Prosecuting Attorney information:

Name:     Rodney J. Cummings            Attorney No. 15723-48
Address:  Government Center Box 5       Phone: (765) 641-9585
          16 E. 9th St.                 FAX: (765) 641-9641
          Anderson, IN 46016            Email:  mcprosecutor@madisoncounty.in.gov


          Deputy Assigned Case:

4.   Will the State accept service by FAX:   No

5.   Arrest report number (Originating Agency Case Number): 2018-043825

6.   Transaction Control Number: **Not Available**
     State I.D. Number:  Not Available

7.   Additional information required by state or local rules:

FILED
IN MADISON COUNTY CIRCUIT COURT

DEC 17 2018

Darlene Likens
CLERK

48C04-1812-F4-003110

## Madison County Unified Courts

## AFFIDAVIT OF PROBABLE CAUSE

Dept: APD        Dept Case #: 2018-43825            Cause #: 48C00--CM-          Database ID: 24690
Name: BENNETT, JORDAN M                             Arrest #: 2018-43825
Address: 2416 Sunset Blvd        City: Anderson              State: IN        Zip: 46013
Sex: M     Race: White           DOB: 7/19/1991       Age: 27     Ht: 5-08    SSN: ***-**-3926
Wt: 135   Hair: Brown     Eyes: Hazel    Occupation:                    Victim: State of Indiana
Drivers License: 5410-07-7912      DL State: IN
Veh. Year:           Make:                    Model:                  License Plate:

Charges:
35-42-4-3(b) Child Molesting Fondling or touching with child under 14.

Date of Offense:        Time:                  Place: 2416 Sunset Blvd
12/11/2018
Date of Arrest: 12/11/2018   Time: 11:30 PM       Place: 2416 Sunset Blvd

Jail: Yes                                                                   DEC 1 2 2018
Arresting Officer: Eric Holtzleiter                 Unit #: 316
Arresting Officer:                                  Unit #:

Victim Name:
Address:                         City:                St:        Zip:
Sex: F      DOB:              Phone1:              Phone2:

Narrative:
  This Detective was called in to assist Uniform Patrol Officers with regard to a child offense that was discovered as a result of assisting Kristin Nigg a representative of Dept of Child Services. DCS Kristin Nigg was able to provide some insight into a preliminary report of alleged child abuse or neglect that came from a mandated reporting source after receiving a statement from (K.B.5) that her dad (Jordan Bennett) touches her "down in that part" while she pointed toward her vagina to get dog hair off of her. In addition, she added that this happens "a lot" & that dad goes back & forth when he's wiping there. This initial report came in from a staff member at Anderson Preparatory School at 1:36 p.m., but (K.B.5)'s father Jordan Bennett had ate lunch with her at the school today, left, & then returned to pull her out of school for a therapy appointment prior to the local DCS office being able to respond to APA to ensure the safety of the child.

  Subsequently, the Dept of Child Services responded to discover that the child (K.B.5) had been removed from school on an early dismissal & picked up by her father Jordan Bennett. Efforts were made to contact him via phone, which was accomplished with them being advised that Mr. Bennett would return home in the 6 o'clock hour. Then DCS received a call from him that he wouldn't be able to make it, but essentially made direct contact at the home in the 7 o'clock hour.

  A forensic interview was then set-up with (K.B.5) to take place at our local child advocacy center known as Kids Talk. A Multi-Disciplinary Team was utilized, but I was not called in until after the forensic interview had already taken place. As I was notified at 9:58 p.m., I went directly to Kids Talk to pick up a copy of the forensic interview.

  Next, effort was made by this Detective, LT Shawn Richwine, & patrolman Christopher Barnett at the home 2416 Sunset Blvd  Anderson, IN where we did make direct contact with Jordan Bennett along with his parents Bethan Bennett & Jody Peeples. I did have a short discussion with Bethan indicating to her that it was my intent to conduct an interview with Jordan at the police station while he was escorted DCS to check on the sleeping child (K.B.5). Prior to leaving, I did ask Jordan if he had any weapons & he was checked by LT Richwine where an extra jacket & some

48C04-1812-F4-003110

other items were removed & left in the living room area. The parents made a phone call to their attorney & I was present when Atty Stephen Murphy gave verbal advise to Jordan not to give a statement. At this point, I had an investigation to continue & informed his parents that he was going to be detained while I finished my investigation. An effort was made over the phone to get Atty Murphy to come to the Anderson Police Dept., but he stated that even if he came to the station that they were not going to give a statement.

Upon returning to APD, Mr. Jordan Bennett was transported & secured into interview room # 5 by Ofc. Barnett. I then continued with the investigation & watched the Forensic Interview video of (K.B.5) a 5 year old female child with a lot of energy. However, multiple times throughout the interview (K.B.5) can clearly respond with the interviewer Becky Oldham & she disclosed the physical touching of her vagina by her father Jordan Bennett in the following manner: She disclosed when asked if dad touched you on your private body parts with "Only when he's checking". She was asked to tell more about checking, & her initial response was that she didn't want to talk about it right now. She later blurts out, "I want to stay with my dad". As the interview progressed, (K.B.5) talked about how her neck became red & she was asked where her dad checked her private part at, which she responded with her 'front'. She indicated that this happened in her bedroom because she didn't want anyone to see her. She was also asked what was dad checking for & she said, "if there's hair that he likes gets it out." She indicated that the hair comes from her dog max. (K.B.5) was asked how many times a day does he check & she said once a day. She was asked what the other hand was doing & she said nothing. Next, (K.B.5) describes how her dad just pulls her pants down to her knees & then he looks & then he wipes. (K.B.5) provided more details indicating that he takes his fingers & goes like this to see. Also that he uses a wet wipe to do this & she described the feeling as ticklish. A short time later Becky introduces an anatomically correct doll into the interview for assistance in clarification of Jordan's physical contact against (K.B.5). She is seen using her thumb & pointer finger to separate the vagina. She tore some paper from the butcher block board & can be seen utilizing the paper as if it were her dad using a wet wipe on her & you can see her going side to side. Then (K.B.5) mentions that if he has an extra wet wipe that he will do it one more time & shows an up & down motion this time. Lastly, Becky reviewed some of (K.B.5) statements & asked a clarifying question with regard to how often her dad touches her like this & she indicated that this happens during the morning & when she goes to bed.

I presented an Advice of Rights Form to Jordan Bennett, who continued with his indication that he was not going to provide a statement.

Charging Information: Child Molest  IC: 35-42-4-3(b)  a Level '4' Felony
On or about February 2018 through the morning of the 11th day of December 2018, JORDAN  MICHAEL BENNETT did with a child under fourteen years of age to wit:  his daughter           . (K.B.5) did perform or submit to any fondling or touching, of either the child or the older person, with intent to arouse or satisfy the sexual desires of either child or older person by consistently touching his 5 year old daughter in her vagina under the pretense that he is checking her for dog hair while utilizing his fingers to separate her vagina & using wet wipes to rub side to side & up & down on her vagina giving a tickling sensation to (K.B.5).
I, Eric Holtzleiter, swear/affirm under penalties for perjury that the foregoing representations are true.

DATE 12/12/2018                    AFFIANT    _Es Holtzleit_


DATE ___/___/____                 JUDGE _____

48C04-1812-F4-003110

MAGISTRATE _Joon Childers_

DATE 12/12/2018 8:34 AM

DATE ___/___/____

JUDGE _____

STATE OF INDIANA )
) SS:
COUNTY OF MADISON )

IN THE CIRCUIT COURT
OF MADISON COUNTY

2018 TERM

STATE OF INDIANA

VS.

CAUSE NO. 48C04-1812-F4-003110
BOND $ 20,000 —

JORDAN M. BENNETT   MALE/W
2416 SUNSET BLVD
ANDERSON, IN  46013

DOB: 7/19/1991
HGT: 5'08"
HAIR: BROWN

SSN:XXX-XX-3926
WGT: 135 LBS
EYES: HAZEL

INFORMATION FOR:

COUNT I:
CHILD MOLESTING
A LEVEL 4 FELONY
I.C. 35-42-4-3(b)

WITNESSES:

ERIC S. HOLTZLEITER, APD
SHAWN RICHWINE, APD
CHRIS BARNETT, APD
K.B.
APA
KRISTIN NIGG, DCS
BECKY OLDHAM, KIDS TALK

SEAL

APPROVED BY ME:

RODNEY J. CUMMINGS, 15723-48
PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

FILED
IN MADISON COUNTY CIRCUIT COURT
DEC 17 2018
Darlene Likens
CLERK

48C04-1812-F4-003110

STATE OF INDIANA )
) SS:
COUNT OF MADISON )

IN THE CIRCUIT COURT
OF MADISON COUNTY

2018 TERM

STATE OF INDIANA

VS

JORDAN M. BENNETT

INFORMATION FOR: COUNT I:
CHILD MOLESTING
A LEVEL 4 FELONY
I.C. 35-42-4-3(b)

On or between December 11, 2017 and December 11, 2018, in Madison County, State of Indiana, Jordan M. Bennett did, with a child under fourteen (14) years of age, to wit: K.B., perform or submit to any fondling or touching of the child, with the intent to arouse or to satisfy the sexual desires of either the child or himself.

ALL OF WHICH IS CONTRARY to the form of the statutes in such cases made and provided by I.C. 35-42-4-3(b) and against the peace and dignity of the State of Indiana.

RODNEY J. CUMMINGS, 15723-48
PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

BENNETT/DM66658/SK/KJW/12/17/18

48C04-1812-F4-003110

STATE OF INDIANA          )                    IN THE CIRCUIT COURT, DIV.
                          ) SS:                OF MADISON COUNTY
COUNTY OF MADISON         )
                                               CAUSE NO.: 48C04-1812-F4-003110
STATE OF INDIANA

     VS.
JORDAN BENNETT

## STATE'S NOTICE OF INTENT TO FILE
## HABITUAL OFFENDER SENTENCE ENHANCEMENT

COMES NOW, the State of Indiana by and through Stephen Koester, Chief Deputy

Prosecuting Attorney, for the 50th Indiana Judicial Circuit, and provides notice of the State of

Indiana's intent to file the Habitual Offender sentence enhancement pursuant to I.C.35-50-2-8, if

upon further investigation the required predicate convictions are present.

FURTHER the State of Indiana provides notice that the aforementioned sentence

enhancements may be filed at the time an indictment or information alleging a criminal offense

is filed against the defendant, or at a later date if plea negotiations are unsuccessful and a trial

becomes necessary.

WHEREFORE, the State of Indiana prays that the Court accept the State of Indiana's

notice of sentence enhancement filing and make it a part of the Court's record in the above

captioned cause, and for all other relief just and proper in the premises.

                           Respectfully submitted,

*FILED*
*IN MADISON COUNTY CIRCUIT COURT*
*DEC 17 2018*
*Darlene Likens*
*CLERK*

                           Stephen J. Koester #19442-49
                           Chief Deputy Prosecuting Attorney
                           50th Indiana Judicial Circuit



# INITIAL HEARING

CAUSE NO: 48C04-1812-F4-003110          DATE: 12/12/2018

STATE OF INDIANA VS. JORDAN BENNETT          BOOKIN #

√ Bond having been set in the amount of $ _20,000.00_ .

[ X ] 10-day Probation Violation Hold in effect.
[   ] No contact order.
[   ] Parole Hold

√ The Defendant having appeared before the Court and having been duly advised of his rights hereunder, and informed of the charges against him, and being given a copy of said charges, is hereby remanded to the custody of the Sheriff. The Omnibus Date is hereby set on 02/17/2019. Automatic plea of not guilty is entered.

√ Defendant states under oath that he has no funds with which to employ counsel, and the Court having so found now appoints _____ Public Defender of this Court, to represent the Defendant herein.

____ Public Defender appointed for purposes of bond reduction hearing only.

____ Public Defender denied.

√ Private Counsel _Δ has hired Steven Murphy :- Marion_

____ Defendant doesn't speak English and needs Translator:

JASON CHILDERS, MAGISTRATE
CIRCUIT COURT OF MADISON COUNTY

FILED
·IN MADISON COUNTY CIRCUIT COURT

DEC 17 2018

_Darlene Likens_
CLERK

# FINANCIAL NEED WORKSHEET
**Defendant: JORDAN BENNETT**
**CAUSE NO:** 48C04-1812-F4-003110
**Date: 12/12/2018**

DO YOU WANT AN ATTORNEY? _____ CAN YOU AFFORD ONE? _____

ARE YOU EMPLOYED? _Yes_____. IF SO, WHERE? _Carpenter's Union_____

LAST TIME YOU WERE EMPLOYED? _$700-800/WK_____

AT WHAT RATE? _____ HOW LONG? _____

ADDRESS? _1423 Yazoo Dr. Beech Grove, 46107 IN_ PREVIOUS ADDRESS? _____

WHO ELSE LIVES THERE? _____

HOME PHONE? _317-992-5659_____ ADDITIONAL NUMBERS? _____

AMOUNT OF MONEY ON PERSON WHEN ARRESTED? _____

ANY CHILD SUPPORT OBLIGATION? _____ HOW MUCH? _____

DRIVER'S LICENSE? _____

MISDEMEANORS IN 5 YRS? _____

FELONIES IN 10 YRS? _____

VALUABLE PERSONAL PROPERTY? _NONE_____

ARE YOU ON PROBATION OR PAROLE? _____ WHAT COURT? _____

DO YOU HAVE ANY PENDING CHARGES? _____ WHAT COURT? _____

**FILED**
IN MADISON COUNTY CIRCUIT COURT

**DEC 17 2018**

_Darlene Likens_
CLERK

STATE OF INDIANA
        SS:

IN THE CIRCUIT COURT 4
OF MADISON COUNTY
2018 TERM

STATE OF INDIANA

VS.

CAUSE NO: 4C04-1812-F4-3110

JORDAN M. BENNETT

## DISCOVERY ORDER

I.      STATE DISCLOSURE

The State of Indiana shall forthwith disclose to the defense the following material and information within the possession and control of the State of Indiana or its agents or employees:

A)    The names and last known addresses of persons whom the State may call as witnesses, along with written statements, or substantially verbatim accounts of statements, made by said witnesses.

B)    Any written, video-taped, or recorded statements and the substance of any oral statements made by the defendant or by a co-defendant or any other witness and a list of witnesses to the making and acknowledgment of such statements.

C)    A transcript of those portions of grand jury minutes containing testimony of persons whom the prosecuting attorney may call as witnesses at the hearing or trial, as designated by the defense, after the defense listens to the recording of the testimony.

D)    Any reports or statements of experts made in connection with the particular case, including results of physical or mental examinations, scientific tests, experiments or comparisons, rape kits, hospital reports, and reports from the Department of Family and Children.

E)    Any books, papers, documents, photographs or tangible objects which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belong to the defendant.

F)    Consistent with Rule 609, Indiana Rules of Evidence, any record or evidence of conviction of a crime or any attempt of a crime, which may be used for impeachment of the persons whom the State intends to call as witnesses at hearing or trial.

G)    Any evidence which tends to negate the guilt of the defendant as to the offense charged or would tend to mitigate defendant's punishment.

II.     AFFIDAVITS OF PROBABLE CAUSE, POLICE INITIAL CASE REPORTS, AND POLICE SUPPLEMENTAL CASE REPORTS

The State of Indiana, its agents or employees, may disclose to the defense Affidavits of Probable Cause, Police Initial Case Reports, and Police Supplemental Case Reports.   In the event said documents have not been furnished within the time limits delineated by this Order, the defense may request the Court order disclosure of any said documents, and the Court shall, on request of defense, order the Prosecuting Attorney, or his agents or employees, to forthwith deliver any of said documents to the Court, together with any objection asserted by the State of Indiana, as reason not to release the documents, or any portion thereof, to the defense.   The Judge in the case shall forthwith review the document or documents *in camera*, hear any arguments by the State and defense, and determine whether any said document or any part thereof shall be read, copied, or delivered to the defense.

III.    DEFENSE DISCLOSURE

The defense shall forthwith disclose to the State the following material and information within its possession whenever the defense has or obtains said material:

A)    The names and addresses of persons whom the defendant may call as witnesses, along with written statements, or substantially verbatim accounts of statements, made by said witnesses.

B)    Any books, papers, documents, photographs, or tangible objects which are intended to be used at a hearing or trial.

C)    Any medical or scientific reports relating to the defendant or defendant's evidence which may be used at a hearing or trial.

D)    Any defenses, procedural or substantive, the defendant intends to make at a hearing or trial.

IV.    OBJECTIONS

Objections to this Order, except as to the procedure set forth in Paragraph II of this Order, must be filed within 5 days of this Order.

V.    CONTINUING DISCOVERY AND SANCTIONS

A)    Discovery is a continuing Order throughout trial.

B)    No written motion is required, except to compel discovery or for an extension of time.   Further, this Order will constitute the Court's response to any general discovery motion filed in a specific case.   No supplemental orders will be issued except in response to a Motion to Compel which sets out with particularity the information or matter to be discovered and the efforts which have been made to obtain the discovery or to negotiate a disputed matter.

C)    Failure of either side to comply with this Order may result in exclusion of evidence at trial or other appropriate sanctions.   However, discovery violations or disputes which could have been raised prior to the commencement of trial but

which were not raised before commencement of trial will be considered waived.

## VI.   LIMITATIONS

This Order is subject to limitations, which may be:

1. Discretionary Protective Order.   The Court may deny disclosure if it finds that, upon hearing of timely-filed objections, there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure which outweighs any usefulness of the disclosure to counsel.

1. Matter not subject to Disclosure:

   A) Work Product: Disclosure is not required of legal research or of records, correspondence, reports or memoranda to the extent that they contain opinions, theories, or conclusions of the State or members of its legal or investigative staff, or of defense counsel or its staff.

   B) Informants: Disclosure of an informant's identity will not be required where there is a paramount interest in non-disclosure and a failure to disclose will not infringe the constitution rights of the defendant. Disclosure of the identify of witnesses to be produced at a hearing or trial will be required.

   C) Any matter protected by law.


ALL OF WHICH IS SO ORDERED THIS 20TH DAY OF DECEMBER, 2018.

David A. Happe, Judge
Madison Circuit Court, Div. 4

RG

Distribution:
RJO
Court file
State of Indiana
Defendant / Defense counsel

# POWER OF ATTORNEY

THE NORTH RIVER INSURANCE COMPANY
11490 Westheimer Rd., Suite 300 · Houston, TX 77077
P.O. Box 2807 · Houston, Texas 77252-2807
(713) 954-8100    (713) 954-8399 FAX

POWER NO. **✱✱✱T25-50715155✱✱✱**

POWER AMOUNT $ **✱✱✱25,000.00✱✱✱**

This Power of Attorney is granted pursuant to Article V of the By-Laws of THE NORTH RIVER INSURANCE COMPANY as now in full force and effect. Article V, Execution of Instruments- Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice-President, the Secretary, or any Assistant Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.
**The obligation of the Company shall not exceed the sum of**✱✱✱ Twenty Five Thousand  Dollars and Zero Cents✱✱✱
and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF,  THE NORTH RIVER INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _18th_ DAY of _December_ MONTH _2018_ YEAR

Bond Amount $ _20,000_

Defendant _Jordan Bennett_

Charges _____

Court _48C04 1812 F4 003 110_

Case No. _____

City _Anderson_    State _IN_

If rewrite, original No. _____

Executing agent _Suzette Stokes_ NAME

By _Robert Crawford_
Robert Crawford
Vice President

VOID IF NOT ISSUED BY:    08/01/2019

**FOR STATE USE ONLY**
*NOT VALID IF USED IN FEDERAL COURT*

COPY FOR COURT

S-0023NR A  REV. (05/15)

# THE NORTH RIVER INSURANCE COMPANY

11490 Westheimer Road, Suite # 300 •Houston, Texas 77077
(713) 954-8100 • (713) 954-8389 FAX   48004 1812 F4003112

**APPEARANCE BOND**

Power of Attorney Number T25- 50715155

*(left margin, vertical text):* Note: This is an Application Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be used as a Bond on Appeal

IN _____ **COURT, STATE OF INDIANA**

STATE OF INDIANA
vs.                          } S.S.
Jordan Bennett                              COUNTY OF MADison

Known All Men By These Presents:

THAT we, Suzette's Bail Bonds as principal and THE NORTH RIVER INSURANCE COMPANY, as surety, jointly and severally acknowledge ourselves bound to the State of Indiana in the sum of ($20,000) _____ dollars. If Jordan Bennett shall appear on the _____ day of _____, 20_____, in the _____ court, to answer a charge of _____ and from day to day and from term to term thereof, and abide the order of the court until said cause is determined and not depart therefrom without leave, then this recognizance shall be void, else to remain in full force. If the above-named defendant shall not appear at any time fixed on this bond, the court shall thereupon declare this bond to be forfeited and notice of such forfeiture shall be mailed to THE NORTH RIVER INSURANCE COMPANY, the surety, at 11490 Westheimer Road, Suite # 300, Houston, Texas 77077 and 1000 Main St, Anderson, In 46016
(Bondsman - Address)
in MADison County and State of Indiana. And if the surety hereon shall not produce said defendant, and does not pay all costs and late surrender fees in compliance with IC 27-10-2-12, the court shall, three hundred sixty-five (365) days after the mailing of the above notice to the surety. And bondsman, declare the bond forfeited, enter judgement forthwith against the surety and certify the judgement to the clerk for record. Such forfeiture shall be without pleading and without change of judge or change of venue. The obligators on such bond may appeal to the ruling of the court and appeal, to the court of appeals as in other civil cases, and on appeal the evidence may be reviewed. Execution shall issue forthwith to the sheriff against the properties of each of us to be levied as other executions are levied. If the defendant escapes from the custody of The North River Insurance Company and is subsequently captured in a State of the United States other than the one in which the original charge was filed or in a foreign country, the Defendant does hereby agree to return voluntarily to the State of original jurisdiction, and does hereby waive extradition proceedings and further consents to the application of such force as may be necessary to effect such return.

WITNESS our hand and seal this 18th day of December, 20 18.

Taken and approved this 18th

day of December, 20 18

Ualters
(Officer Taking Surety)

2018-26712 -2FL

Jordan Bennett (L.S.)
(Defendant)

**THE NORTH INSURANCE COMPANY**

Suzette Stokes (L.S.)
Attorney-In-Fact

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

THIS BOND NOT VALID UNLESS ACCOMPANIED BY AN INDIVIDUALLY NUMBERED POWER OF ATTORNEY PROPERLY EXECUTED.

This form is in accordance with Section (5), Chapter 241 of the 1969 Acts of Indiana
IN-33

IN _____ Court,

COUNTY OF _____

STATE OF INDIANA
VS.

## APPEARANCE BOND

Filed this_____ day of _____ 20 _____

Filed this_____ day of _____ 20 _____

Clerk _____ Court

# MADISON COUNTY (INDIANA) CIRCUIT COURT
## CRIMINAL DIVISION
### ANDERSON, INDIANA
### RULES FOR DEFENDANTS ON BOND

The undersigned defendant acknowledges receipt of a copy of these Rules and agrees to be bound by the following Rules and Regulations while at liberty on bond in any division of the Madison Circuit Court:

1) Defendant will personally appear at all hearings and trials scheduled in this matter, and at other times as directed by the Court unless excused in writing by the Court; Notice to Defendant's Attorney of Record will be deemed notice to the Defendant;

2) Defendant will keep his attorney and bondsman informed of his current address and of a phone number where he/she can be reached at all times; If defendant moves from the address he/she has provided, within 48 hours of the move, he/she shall notify his attorney and bondsman of his new address;

3) Defendant shall not leave the State of Indiana without notifying his/her attorney and obtaining written approval of the Court;

4) Defendant will not commit a crime while released on bond; A probable cause determination by the Court will constitute a violation of this provision;

5) If a victim is alleged in the criminal charge filed against the defendant, defendant shall have no contact, direct, indirect or through social media with the alleged victim;

6) Defendant will comply with all other specific bond or release requirements issued by the court and noted by a CCS entry, written order, or oral bench order made in open court;

7) Defendant will comply with all other requirements of law, and of the bond agreement or undertaking between the defendant and his/her surety and/or bondsman;

**IF THE COURT HAS CAUSE TO BELIEVE THE DEFENDANT HAS FAILED TO ABIDE BY ANY OF THE ABOVE REQUIREMENTS, A WARRANT MAY ISSUE FOR DEFENDANT'S ARREST, AND IN ACCORDANCE WITH APPLICABLE STATUES, THE SURETY AND BONDSMAN MAY BE NOTIFIED, ORDERED TO SURRENDER THE DEFENDANT, AND/OR SUFFER FORFEITURE OF THE POSTED BOND.**

_Jordan M. Bennett_   _Jordan Bennett_   _12/18/2018_
Defendant's Printed Name   Defendant's Signature   Date

Defendant's Current Street Address _2416 Sunset Blvd_

City _Anderson_   State _Indiana_

Witness: _Sgt Campbell_ Relationship to Defendant or Title: _Sgt_

Cause Number: 48C _0 TMC - 6152_

(Sheriff and Court Staff: No Defendant may be released on bond UNTIL this Form has been executed.) 8/2013

# AMENDED APPEARANCE FORM (CRIMINAL)
## State of Indiana

Case Number:  48C04-1812-F4-003110

1.  Name of Defendant:  Jordan M. Bennett

2.  Case Type of proceeding:  CR

3.  Prosecuting Attorney information:

Name:  Rodney J. Cummings          Attorney No. 15723-48

Address: Government Center Box 5          Phone: (765) 641-9585
16 E. 9th St.          FAX: (765) 641-9641
Anderson, IN 46016          Email:
mcprosecutor@madisoncounty.in.gov

Deputy Assigned Case: **Mary Hutchison, 25579-49**

4.  Will the State accept service by FAX:    No

5.  Arrest report number (Originating Agency Case Number): 2018-043825

6.  Transaction Control Number: **4810105159**
State I.D. Number:  Not Available

7.  Additional information required by state or local rules:

Filed: 12/27/2018 8:31 AM
Madison County Circuit Court 4
Madison County, Indiana

**APPEARANCE FORM**

**VICTIM ADVOCATE NOTIFICATION**

Cause #: 48C04-1812-F4-003110

Defendant's name: Jordan M. Bennett

Case Type: Criminal

**Victim Advocate Information:**

    Name: Karla Montgomery


    Address:    Government Center Box #72
                16 E. 9th St.
                Anderson, IN 46016

    Telephone Number: (765) 641-9625

APPEARANCE FORM (CRIMINAL – DEFENSE ATTORNEY)

IN THE MADISON CIRCUIT COURT 4

THE STATE OF INDIANA  )
                      )
v.                    )        Case Number:  48C04-1812-F4-003110
                      )
JORDAN M. BENNETT     )

**Appearance for Defendant**

1.    The undersigned attorney listed on this form now appears in this case for the Defendant.

2.    Defense Attorney information (as applicable for service):

Stephen Murphy
Attorney Number:    21030-49
201 North Illinois Street, Suite 1644
Indianapolis, Indiana 46204
Telephone: 317-744-1144
Email: stephen.murphy@dunhamlaw.com

3.    Additional information specified by state of local rule required to maintain the information management system employed by the court:

Respectfully submitted,

Stephen Murphy  #21030-49

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on the undersigned counsel at the address listed below by placing same in the U.S. Mail, first class, postage pre-paid this _____1/2/19_____:

Rodney Cummings
16 E Ninth Street
Anderson, Indiana 46016

Stephen Murphy

| STATE OF INDIANA | ) | IN THE CIRCUIT COURT, DIVISION IV |
| COUNTY OF MADISON | ) SS: | OF MADISON COUNTY |
| | ) | |

STATE OF INDIANA      CAUSE NUMBER: 48C04-1812-F4-3110

VS.

JORDAN BENNETT

## STATE'S NOTICE OF DISCOVERY COMPLIANCE

Comes now, the State of Indiana, by and through Mary Hutchison, Deputy Prosecuting Attorney for the 50th Indiana Judicial Circuit, and notifies the Court that the State has provided, by copies places in Courthouse mailbox/hand delivered/emailed to **STEPHEN MURPHY**, counsel for the Defendant, the following items, to wit:

|  |  | PAGES |
|----|-----------------------------|-------|
| 1. | BMV | 4 |
| 2. | Case Report | 17 |
| 3. | DOC | 3 |
| 4. | DVD: (placed in US Mail) | |
|    | • Kids Talk Interview | |

Respectfully submitted,

*Mary L Hutchison*
_____
MARY HUTCHISON #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on **STEPHEN MURPHY**, counsel for Defendant, either by: email; or placement of the same in his/her Courthouse Mail, 16 East 9th Street, Anderson, IN; or hand delivery; or by mailing copies First Class U.S. Mail, postage pre-paid, on or before the date of filing before this Court.

*Mary L Hutchison*
_____
MARY HUTCHISON #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

STATE OF INDIANA      )
                     ) SS:
COUNTY OF MADISON   )

IN THE MADISON CIRCUIT COURT 4

Case Number: 48C04-1812-F4-003110

THE STATE OF INDIANA   )
                            )
vs                                   )
                            )
JORDAN M. BENNETT     )

## MOTION FOR EARLY DISCOVERY RESPONSES

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and, pursuant to Rule 21 of the Indiana Rules of Criminal Procedure and Rule 33(C) of the Indiana Rules of Civil Procedure, and hereby moves the Court to Order the State of Indiana to respond to the attached Interrogatories within seven (7) days from the date of filing of this Motion for Early Discovery Responses, and, in support of said Motion, shows the Court the following:

1.     The facts surrounding defendant's being charged with the offense in the above-captioned matter are disturbing in that the defendant was told by Magistrate Childers at a hearing called an "Initial Hearing" he was charged with a crime when the docket on mycase.in.gov, at the time, did not show the defendant had been so charged. Further, the defendant's Mother had gone in to the Court's office on the morning after the expiration of the 72 hour period, with the defendant still in custody, to get a copy of the formal charges and was told by court officials there was none to give her. The defendant remained in custody beyond the 72 hour hold.

2.     During this hearing called the "Initial Hearing", the defendant advised Magistrate Childers he had secured a private attorney. Magistrate Childers issued an order stating the defendant had requested a public defender, and appointed a public defender, when, in fact, a transcript of the hearing called "Initial Hearing" was void of any such request by the defendant.

3.     A newspaper article appeared in The Herald newspaper, believed to have occurred after the expiration of the 72 hour hold, contained wording that was identical, or nearly identical,

to the Affidavit for Probable Cause in the above-captioned matter and was titled "*Defendant Pleads Guilty to Child Molesting*" or words to that effect. This article ran at a time prior to the defendant being able to obtain file-stamped copies of the charging documents. When the defendant was able to obtain these charging documents, which was approximately 48 hours after the expiration of the 72 hour hold, the documents were file-stamped as having been filed on or before the expiration of the 72 hour hold.

4.      The defendant believes there is the possibility of discovering exculpatory evidence surrounding the charging of the defendant.

5.      Depending on the responses given by the State of Indiana to the attached interrogatories, the defendant, by counsel, would like to forthwith, and without delay, depose Jason Childers.

6.      The defendant wants to thoroughly investigate, without delay, all matters related to his being charged, for the possible existence of exculpatory evidence.

WHEREFORE, the defendant, by counsel, hereby moves the Court to Order the State of Indiana to respond to the attached discovery within seven (7) days of filing and for all other proper relief in the premises.

Respectfully submitted,

  /s/ Stephen Murphy
Stephen Murphy  #21030-49
201 North Illinois Street, Suite 1644
Indianapolis, Indiana  46204
Telephone:  31-744-1144
Email:  stephen.murphy@dunhamlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on the undersigned counsel, on or before the date of filing, by the method indicated below:

Mary Hutchison
via email

　　　　　　　　　　　　　　 /s/ Stephen Murphy
　　　　　　　　　　　　　　Stephen Murphy

STATE OF INDIANA      )
                    ) SS:
COUNTY OF MADISON   )

IN THE MADISON CIRCUIT COURT 4

Case Number: 48C04-1812-F4-003110

THE STATE OF INDIANA )
                    )
vs                  )
                    )
JORDAN M. BENNETT   )

## INTERROGATORIES PROPOUNDED ON THE STATE OF INDIANA

Comes now Jordan Bennett, Defendant in the above-captioned matter, by counsel, Stephen Murphy, and hereby serves the following interrogatories on the State of Indiana in the above-captioned matter, pursuant to Rule 21 of the Indiana Rules of Criminal Procedure and Rule 33 of the Indiana Rules of Trial Procedure.

INTERROGATORY NO. 1:

State the name, address, phone number, and your current position with the State of Indiana.

ANSWER:

INTERROGATORY NO. 2:

State whether you know of any resignation, removal, suspension, or other change of any kind in Jason Childers' employment as a judicial officer in Madison County, Indiana.  If so, state the following:
      a.    The date you believe his employ was so changed;
      b.    How you believe his employ was changed and any and all reasons why you believe his employ was so changed;
      c.    Any and all facts you are aware of surrounding such change of Magistrate Jason Childers' employ;
      d.    State the approximate date you became aware of such change in the Magistrate Jason Childers' employ.
      e.    State whether the reason(s) for such change in employ could be related to the prosecution of Jordan M. Bennett in the above-captioned cause and briefly explain why.

ANSWER:

INTERROGATORY NO. 3:

State whether Rodney Cummings is actively employed as the Prosecuting Attorney in Madison County, Indiana.  If not, state the following:

      a.    The date you believe his employ was so changed;

      b.    How you believe his employ was changed and any and all reasons why you believe his employ was so changed;

      c.    Any and all facts you are aware of surrounding such change of Rodney Cummings' employ;

      d.    State the approximate date you became aware of such change in the Rodney Cummings' employ.

      e.    State whether the reason(s) for such change in employ could be related to the prosecution of Jordan M. Bennett in the above-captioned cause and briefly explain why.

**ANSWER:**


**INTERROGATORY NO. 4:**

State whether the State of Indiana is aware of exculpatory evidence surrounding the change of employ of Magistrate Jason Childers as a former Magistrate in Madison County, Indiana. If so, state the exculpatory evidence you believe exists, as a result thereof, regarding in the prosecution of Jordan M. Bennett in the above-captioned matter.

**ANSWER:**


**INTERROGATORY NO. 5:**

State whether the State of Indiana is aware of exculpatory evidence surrounding the change of employ of Magistrate Jason Childers as a former Magistrate in Madison County, Indiana. If so, state the exculpatory evidence you believe exists, as a result thereof, regarding in the prosecution of Jordan M. Bennett in the above-captioned matter.

**ANSWER:**


I affirm under penalties for perjury the foregoing is true.


                          _____

                          **Duly Authorized Representative of**
                          **The State of Indiana**

Respectfully submitted,


_____/s/ Stephen Murphy_____
Stephen Murphy
731 Sunglow Circle
Indianapolis, Indiana 46231
Mobile:  317-941-3490
Email:  stephenmurphyjr@me.com


### Certificate of Service

I hereby certify that a copy of the foregoing was served on the State
of Indiana via electronic delivery to the following:

Mary Hutchison
via email

_____/s/ Stephen Murphy_____
Stephen Murphy

| STATE OF INDIANA | ) | | IN THE MADISON CIRCUIT COURT 4 |
|---|---|---|---|
| | ) SS: | | |
| | ) | | |

| STATE OF INDIANA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case Number:  48C04-1812-F4-003110 |
| | ) | |
| JORDAN M. BENNETT | ) | |

## MOTION TO IMMEDIATELY VACATE
## THE NO-CONTACT ORDER

Comes now the defendant, Jordan M. Bennett, hereinafter referred to as "Father," by counsel, Stephen Murphy, and, and hereby MOVES the Court to VACATE the No-Contact Order, and, in support thereof, shows the Court the following:

1.     The Court issued a No-Contact Order between the Father and his daughter.

2.     The No-Contact Order was issued as a result of the allegations alleged in the Probable Cause Affidavit.

3.     The Probable Cause Affidavit misstates, mischaracterizes, and excludes almost all known evidence and potential evidence as follows:

    a.     It grossly misstates what the child said in the video;

    b.     The video relied on contains an adult placing words in a child's mouth.

    c.     The video contains multiple problems with the child's statements.

    d.     The video, in way, shape, or form, supports any of the charges currently filed before this Court.

4.     There was unlawful behavior and deceit used against the defendant in the filing of these charges and holding him in jail, including, but not limited to, Magistrate Childers intentionally telling the defendant/father he was charged with a crime after the expiration of the 72 hour statutory hold at a time when the charges had not been filed, Magistrate Childers stated on the CCS that defendant/Father had requested a public defender when he had not, the

undersigned counsel has had several pleadings not timely filed with the Court, and it is unclear how involved or uninvolved the Madison County Prosecuting Attorney's Office has been in these actions as the Herald Times released material evidence that appears to have been taken directly from the Probable Cause Affidavit that had not been filed yet.

5.      The defendant/father believes that Deputy Prosecuting Attorney Mary Lena Hutchison knows she has no case and is intentionally delaying the case to allow the Division of Child Services time to place the child with the child's Mother.

6.      This child should not be held in limbo for a Deputy Prosecuting Attorney to engage in what appears to be social engineering through a criminal case in which she has insufficient evidence against Father, according to her own email.

7.      Deputy Prosecuting Attorney, Mary Lena Hutchison, has sent an email to the undersigned counsel that she is awaiting word from her investigator.  This can only mean one thing:  Deputy Prosecuting Attorney, Mary Lena Hutchison, did not prepare her case prior to charging the defendant and, currently, does not know whether she has a case.  Yet, she leaves a child and Father in limbo.

8.      Deputy Prosecuting Attorney Mary Lena Hutchison has also refused to allow the defendant to prove his innocence with first, not agreeing to dismiss this case once defendant passed the polygraph test and, second, withdrawing the polygraph test completely.

9.      Deputy Prosecuting Attorney Mary Lena Hutchison is also refusing to stipulate to counseling and medical records of this child which contain massive amounts of exonerating evidence of Father and massive amounts of evidence that the Maternal Grandmother has molested this child, including one counselor who testified the Maternal Grandmother should not be allowed around the child.

10.     Deputy Prosecuting Attorney Mary Lena Hutchison is well aware the child is placed with the relative of Maternal Grandmother, that Maternal Grandmother has had contact with this child, and that this child showed highly disturbing behaviors upon seeing Maternal Grandmother.

11.     The defendant believes no court of law should allow a Deputy Prosecuting Attorney to use a criminal case to assist the Indiana Division of Child Services in removing a child from a Father to allow a drug addict Mother time to re-habilitate herself so the child can be placed with the Mother.

WHEREFORE, the defendant, in person, and, by counsel, hereby moves this Court to VACATE the No-Contact Order and for all other just and proper relief in the premises.

Respectfully submitted,


___/s/ Stephen Murphy_____
Stephen Murphy  #21030-49
201 North Illinois Street, Suite 1644
Indianapolis, Indiana  46204
Telephone:  31-744-1144
Email:  stephen.murphy@dunhamlaw.com


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on the undersigned counsel at the address listed below by placing same in the U.S. Mail on March 13, 2019.

Rodney Cummings
16 E Ninth Street
Anderson, Indiana 46016


___/s/ Stephen Murphy_____
Stephen Murphy

# APPEARANCE FORM (CRIMINAL – DEFENSE ATTORNEY)

## IN THE MADISON COUNTY CIRCUIT COURT 4

THE STATE OF INDIANA )
)
vs. ) Case Number: 48C04-1812-F4-003110
)
JORDAN M BENNETT )
DEFENDANT. )

## Amended Appearance for Defendant

1.    The undersigned attorney listed on this form now appears in this case for the Defendant.

2.    Defense Attorney information (as applicable for service):

Name:             Stephen Murphy
Attorney No.:     21030-49
Address:          P.O. Box 24671
                  Indianapolis, Indiana 46224-9998
Telephone:        317-941-3490
Email Address:    stephen@stephenmurphy.attorney

Note:  If additional attorneys represent the defendant, list each on a continuation page.

3.    Additional information specified by state of local rule required to maintain the information management system employed by the court:

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison      US MAIL
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on April 29, 2019.

Date:  4/29/2019                          /s/ Stephen Murphy
                                          Stephen Murphy

*Authority: Under Criminal Rule 2.1(C), this form shall be filed at the time an attorney for the defendant first appears in the case. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court. This format is approved by the Indiana Office of Court Services.*

| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
|---|---|---|
| | ) SS: | |
| COUNTY OF MADISON | ) | |

| STATE OF INDIANA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# Motion to Continue Jury Trial

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby moves the Court to continue the Jury Trial presently set for August 19, 2019 at 8:30 a.m., and, in support thereof, shows the Court the following:

1.      The undersigned counsel will not be able to complete discovery by the time of the jury trial presently set for August 19, 2019 at 8:30 a.m.

2.      The undersigned counsel has scheduling conflicts that prevent him from being able to adequately be prepared and try this case on August 19, 2019.

3.      This is the defendant's first request to continue a jury trial in this matter.

4.      This Motion is not made in bad faith or to cause undue delay.

Respectfully submitted,

/s/ Stephen Murphy

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email:  stephen@stephenmurphy.attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on July 13, 2019.

Date:   7/13/2019                                    /s/ Stephen Murphy
                                                     Stephen Murphy

| | |
|---|---|
| STATE OF INDIANA | ) |
| | ) SS: |
| COUNTY OF MADISON | ) |

IN THE MADISON CIRCUIT COURT 4

| | |
|---|---|
| STATE OF INDIANA | ) |
| | ) |
| vs. | ) |
| | ) |
| JORDAN M BENNETT | ) |
| DEFENDANT. | ) |

Case Number: 48C04-1812-F4-003110

# Motion to Compel

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby moves the Court to compel the State of Indiana to fully and lawfully respond to the discovery he propounded on the State of Indiana on February 13, 2019, within five (5) days of the issuance of the order granting this Motion, and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Stephen Murphy

_____

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email:  stephen@stephenmurphy.attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on July 13, 2019.

Date:  7/13/2019                        /s/ Stephen Murphy
                                         _____
                                         Stephen Murphy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
| | ) SS: | |
| COUNTY OF MADISON | ) | |

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# Order Granting
# Motion to Continue Jury Trial

The defendant, Jordan M. Bennett, by counsel, Stephen Murphy, having filed his Motion to Continue Jury Trial, and, the Court, having considered same and being duly advised in the premises, now FINDS said Motion should be Granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED the Jury Trial presently scheduled for August 19, 2019 at 8:30 a.m. shall be, and hereby is, VACATED.

The Court will set a new Jury Trial date at the hearing on July 23, 2019.

_____
Date

_____
JUDGE, MADISON CIRCUIT COURT 4

Distribution:

Stephen Murphy
Madison County Prosecuting Attorney's Office

STATE OF INDIANA              )      IN THE MADISON CIRCUIT COURT 4
                             ) SS:
COUNTY OF MADISON            )

STATE OF INDIANA            )
                            )
    vs.                     )      Case Number: 48C04-1812-F4-003110
                            )
JORDAN M BENNETT            )      **DENIED**
       DEFENDANT.           )
                                   July 15, 2019
                                              DH
                                   Order Granting
                                   Motion to Compel

Per 12/20/18 Discovery Order, motions to compel must set out with particularity the items sought and the efforts made to obtain the discovery before seeking court intervention.

*SEAL*

The defendant, Jordan M. Bennett, by counsel, Stephen Murphy, having filed his Motion

to Compel, and, the Court, having considered same and being duly advised in the premises, now

ORDERS the State of Indiana to fully and lawfully respond to the discovery propounded on it by

the defendant with five (5) days from the date of this Order.

SO ORDERED.

_____
Date

_____
JUDGE, MADISON CIRCUIT COURT 4

Distribution:

Stephen Murphy
Madison County Prosecuting Attorney's Office

STATE OF INDIANA         )     IN THE MADISON CIRCUIT COURT 4
                        ) SS:
COUNTY OF MADISON    )

STATE OF INDIANA         )
                        )
     vs.              )     Case Number: 48C04-1812-F4-003110
                        )
JORDAN M BENNETT     )
         DEFENDANT.    )

# AMENDED
## Motion to Continue Jury Trial

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby files this Amended Motion to Continue Jury Trial and hereby moves the Court to continue the Jury Trial presently set for August 19, 2019 at 8:30 a.m., and, in support thereof, shows the Court the following:

1.     The undersigned counsel will not be able to complete discovery by the time of the jury trial presently set for August 19, 2019 at 8:30 a.m.

2.     The undersigned counsel has scheduling conflicts that prevent him from being able to adequately be prepared and try this case on August 19, 2019.

3.     This is the defendant's first request to continue a jury trial in this matter.

4.     A further basis for this respectful request to continue the jury trial is for the protection of the minor child from a wrongful prosecution of her Father.  Currently, the Judicial Officer who has exclusive jurisdiction over the minor child has a significant ruling to make regarding this child which ruling could have a significant impact on this case.

5.     According to the State of Indiana, the only evidence in this case that exists against the defendant is a short video which actually proves Father's innocence.  This video is currently before the juvenile court.

6.      The State of Indiana, by Officer Holtsliter, is believed to have made a false statement under oath to this Court in the Affidavit for Probable Cause, in an effort to cause this Court to find probable cause for the filing of the charges in the instant case against the defendant. This fact is also before the juvenile Court.

7.      The juvenile Court, and not this Court, has jurisdiction over the minor child and a statutory obligation to protect all rights and interests of this child and this Court has the obligation not to interfere, or allow its proceedings to interfere, with those of the juvenile Court.

8.      This Court has not determined whether the prosecution in this case is wrongful or not. Father is uncertain whether this Court has the jurisdiction or opportunity, by law, to make such a determination. However, Father believes the juvenile Court, as part of its statutory duty to protect this child, should make such a determination as to whether the child is being harmed by the State of Indiana by way of a wrongful prosecution of her Father. To date, it has not done so nor has it been asked to.

9.      Father may need to petition the juvenile Court in the near future to make a determination whether this child is the victim of the State of Indiana by way of a wrongful prosecution of her Father. Father believes this determination should be made before any jury trial occurs in this case to prevent additional harm to this child.

10.     There is no other protection for this child other than the juvenile Court. Again, this protection includes assessing whether this child is a victim of the State of Indiana by way of wrongful prosecution of her Father.

11.     It appears to Father that this Court and the juvenile Court may have this in reverse order such that the State's interest in prosecuting the Father outweighs all interests of this child from the harm caused to the child from a wrongful prosecution of her Father.

12.     This Court should not rush into a criminal trial that is spear-headed by the substantial risk that this case is a wrongful prosecution of this child's Father.  This would be against the interests of the child and operates a continued harm on the child.  Instead, Father believes it would be appropriate for this Court should give adequate time to the juvenile court to protect this child from the harm of a wrongful prosecution of her Father.

13.     Out of respect for the juvenile court and this child from being harmed by a wrongful prosecution of her Father, the jury trial in this case should be continued to a more appropriate time.

14.     This Motion is not made in bad faith or to cause undue delay.

Respectfully submitted,

/s/ Stephen Murphy
_____
Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email:  stephen@stephenmurphy.attorney

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on July 16, 2019.

Date:  7/16/2019                                     __/s/ Stephen Murphy_____
                                                              Stephen Murphy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
| | ) SS: | |
| COUNTY OF MADISON | ) | |

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# REQUEST FOR IMMEDIATE PREPARATION OF TRANSCRIPT OF HEARING

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby requests a transcript of the Trial Readiness Conference which occurred on July 23, 2019 in the p.m. session. Defendant, by counsel, requests this transcript be prepared with haste.

Respectfully submitted,

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email:  stephen@stephenmurphy.attorney
Mobile:  317-941-3490

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison      efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016
on July 23, 2019.

Date:  7/23/2019

Stephen Murphy

| | |
|---|---|
| STATE OF INDIANA     ) | IN THE CIRCUIT COURT, DIV. IV |
|     ) SS: | OF MADISON COUNTY |
| COUNTY OF MADISON     ) | |

STATE OF INDIANA

V.

JORDAN M BENNETT

2019 TERM

CAUSE NO.:  48C04-1812-F4-3110

## STATE'S NOTICE OF SUPPLEMENTAL DISCOVERY

The State of Indiana hereby adds the following item:

1.  (1) disc **(mailed directly to defense from DCS)**
    a.   victim/guardian conversation

Respectfully submitted,

*/S/Mary L. Hutchison*
Mary L. Hutchison #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on **Stephen Murphy**, counsel for Defendant, either by:  email; placement of the same in his/her Courthouse Mail, 16 East 9th Street, Anderson, IN; or hand delivery; or email; or e-filing; or by mailing copies First Class U.S. Mail, postage pre-paid, on or before the date of filing before this court.

*/S/Mary L. Hutchison*
Mary L. Hutchison #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
|---|---|---|
| COUNTY OF MADISON | ) SS: | |
| | ) | |

| STATE OF INDIANA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# MOTION TO CONTINUE JURY TRIAL

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby requests the Court continue the jury trial presently set for August 19, 2019 at 8:30 a.m., and, in support of said Motion, shows the Court as follows:

1.      The Madison County Prosecuting Attorney recently filed a Supplemental Discovery pleading with this Court indicating additional information in the form of an audio recording related to this case has become available.

2.      The undersigned counsel has not yet received the recording.

3.      If the media is what the State of Indiana purports it to be, the undersigned counsel will need additional time to evaluate the information contained in the audio recording.

4.      The undersigned counsel believes it highly likely this information contains exculpatory information for consideration by the defendant which will take additional time.

5.      Excluding the audio recording from evidence is not an appropriate remedy since the audio recording may contain exculpatory evidence.

6.      A continuance of the trial date is necessary.

7.      The Madison County Prosecuting Attorney has not objected to either of defense counsel's motions to continue.

WHEREFORE, the defendant, by Jordan Bennett, hereby requests the Jury Trial scheduled for August 19, 2019 at 8:30 a.m. be continued due to the State's filing of a Supplemental Discovery, the contents of which the undersigned counsel has yet to receive, and, once received, will not time between now and August 19, 2019 at 8:30 a.m. to evaluate the information contained therein and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Stephen Murphy
_____
Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email: stephen@stephenmurphy.attorney
Mobile: 317-941-3490

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016
on August 4, 2019.

Date:  8/4/2019                    /s/ Stephen Murphy
                                   _____
                                   Stephen Murphy

Filed: 9/11/2019 2:14 PM
Madison County Circuit Court 4
Madison County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CIRCUIT COURT, DIV. IV |
| | ) SS: | OF MADISON COUNTY |
| COUNTY OF MADISON | ) | |

2019 TERM

STATE OF INDIANA

CAUSE NO.: 48C04-1812-F4-3110

V.

JORDAN M BENNETT

## STATE'S NOTICE OF SUPPLEMENTAL DISCOVERY

The State of Indiana hereby adds the following item:

1. (1) disc
   a. K.B. interview

Respectfully submitted,

*/S/Mary L. Hutchison*
Mary L. Hutchison #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on **Stephen Paul Murphy**, counsel for Defendant, either by: email; placement of the same in his/her Courthouse Mail, 16 East 9th Street, Anderson, IN; or hand delivery; or email; or e-filing; or by mailing copies First Class U.S. Mail, postage pre-paid, on or before the date of filing before this court.

*/S/Mary L. Hutchison*
Mary L. Hutchison #25579-49
DEPUTY PROSECUTING ATTORNEY
50TH INDIANA JUDICIAL CIRCUIT

Filed: 10/8/2019 3:47 PM
Madison County Circuit Court 4
Madison County, Indiana

STATE OF INDIANA      )     IN THE MADISON CIRCUIT COURT 4

                      ) SS:

COUNTY OF MADISON     )

STATE OF INDIANA      )

                      )

      vs.              )     Case Number: 48C04-1812-F4-003110

                      )

JORDAN M BENNETT      )

            DEFENDANT.    )

## Motion to Vacate No-Contact Order

     Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby requests the Court to VACATE the no-contact order in this case, and, in support thereof, shows the Court as follows:

     1.      The ███████████████ has failed to act due to the existence of the no-contact order out of this Court.

     2.      This Court has no facts, other than the probable cause affidavit in this case, to support any wrongdoing on behalf of the defendant.  In fact, the affidavit for probable cause in this case contains materially false statements that, if removed from the probable cause affidavit, would be insufficient to support the filling of the charges in this case.

     3.      The ████████, on the other hand, does have substantial facts about this case.

     4.      To date, ███████████ has not issued a no-contact order and has made no findings the defendant has done anything wrong.

     5.      The █████████ has refused to move the case forward due to the no-contact order issued by this Court.

     6.      This Court's no-contact order is interfering with ██████████████ and causing a violation of the defendant's and child's constitutional rights.

7.     The no-contact order in this case is causing substantially more harm than it is doing good.

WHEREFORE, the defendant, by counsel, hereby requests the Court issue an Order VACATING the no-contact and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Stephen Murphy

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email:  stephen@stephenmurphy.attorney
Mobile:  317-941-3490

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016
on October 9, 2019.

Date:  10/9/2019                          /s/ Stephen Murphy

Stephen Murphy

STATE OF INDIANA

COUNTY OF MADISON

SS:

IN THE MADISON CIRCUIT COURT
NO. IV
2019 TERM

State of Indiana

       Plaintiff

Cause No: 48C04-1812-F4-3110

VS.

Jordan M. Bennett

       Defendant

# NOTICE OF DEFECT

To Party/Counsel: Stephen Murphy

On 10/9/2019, you tendered for filing a document titled Motion to Vacate No-Contact Order.  This document did not comply with Indiana Trial Rule 86, and has been impounded. You have 72 hours, excluding days the court is closed, to cure this defect, and if you do so, the document will be treated as filed on the original Notice of Electronic Filing (NEF). If the defect is not cured, then it will be stricken from the record. The document defect is:

- ☐   **No signature**
- ☐   **Wrong cause number**
- ☒   **Administrative Rule 9:**
  - ☒ Failed to provide Notice of A.R. 9 form identifying what materials have been removed and/or the legal basis for their reaction.

Signature:   <u>Robin Garner, Court Reporter</u>

Distribution:   Prosecutor/S. Murphy

*Updated 1-27-17*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
| | ) SS: | |
| COUNTY OF MADISON | ) | |

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# MOTION TO DISMISS

Comes now the defendant, by counsel, Stephen Murphy, and, hereby moves the Court to DISMISS the above-captioned cause, and, in support of said Motion, moves the Court to grant the Motions to Exclude contained herein, which, if both are granted, give rise to the defendant's overall Motion to Dismiss.

### FIRST MOTION
### MOTION TO EXCLUDE CHILD HEARSAY

The defendant, by counsel, Stephen Murphy, hereby move the Court to EXCLUDE the videotaped statements of the child as hearsay, and, in support of this Motion, would show the Court that the videotaped statements of the child are unreliable.

WHEREFORE, the defendant hereby moves the Court to exclude any and all videotaped statements of the child as hearsay due to each of the videotaped statements being unreliable.

### SECOND MOTION
### MOTION TO EXCLUDE CHILD TESTIMONY

The defendant, by counsel, Stephen Murphy, hereby move the Court to EXCLUDE the child's testimony, in the form of live testimony or otherwise, as the child has demonstrated she is not competent to testify.

WHEREFORE, the defendant hereby moves the Court to exclude the testimony of the child based on her inability to meet the competency rules.

THIRD MOTION
MOTION TO DISMISS

In the event the Court grants both motions above, the defendant, by counsel, Stephen

Murphy, hereby moves the Court to DISMISS this cause of action as it cannot proceed without

testimony from the child.

Respectfully submitted,

/s/ Stephen Murphy

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email: stephen@stephenmurphy.attorney
Mobile: 317-941-3490

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the
following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on October 30, 2019.

Date:   10/30/2019                    /s/ Stephen Murphy

Stephen Murphy

STATE OF INDIANA         )    IN THE MADISON CIRCUIT COURT 4
                           ) SS:
COUNTY OF MADISON    )

STATE OF INDIANA         )
                           )
    vs.             )    Case Number: 48C04-1812-F4-003110
                           )
JORDAN M BENNETT    )
        DEFENDANT.  )

# MEMORANDUM IN SUPPORT OF
# MOTION TO DISMISS

The issue in this case is whether the State's Information should be dismissed, with prejudice, because the child should be prevented from testifying and the videotaped statements should be excluded.

### FIRST MOTION
### MOTION TO EXCLUDE CHILD HEARSAY

Under I.C. 35-37-4-6, a videotaped statement of the child must contain sufficient indications of reliability as to time, content, and circumstances. In this case, the videotaped statements taken as a whole, demonstrate complete unreliability given the time, content, and circumstances of the videotaped statement. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ However, to break matters down per the statute, time, content, and circumstances of each of the videotapes is briefly discussed below.

████████████████████████████████████

████████████████████████████████

█████████████████████████████████

████████████████████████████████



### SECOND MOTION
### MOTION TO EXCLUDE CHILD TESTIMONY

Rule 601 of the Indiana Rules of Evidence provide that every person must be competent to be a witness.  A child's competency to testify at trial is established by demonstrating that he or she (1) understands the difference between telling a lie and telling the truth, (2) knows he or she is under a compulsion to tell the truth, and (3) knows what a true statement actually is.  Kien v. State, 866 N.E.2d 377, 385 (Ind. Ct. App. 2007), <u>trans. denied</u>.



THIRD MOTION
MOTION TO DISMISS

This case should be dismissed in the event this Court grants Motion One and Motion Two

as the State would have no evidence to present at trial to support a conviction.

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
| | ) SS: | |
| COUNTY OF MADISON | ) | |
| | | |
| STATE OF INDIANA | ) | |
| | ) | |
| vs. | ) | Case Number: 48C04-1812-F4-003110 |
| | ) | |
| JORDAN M BENNETT | ) | |
| DEFENDANT. | ) | |

# NOTICE OF CHANGE OF ADDRESS

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby files this Notice of Change of Address of Defendant, and shows the Court the the defendant now resides at the following address:

1210 Alexandria Pike
Apt. 5
Anderson, Indiana 46012

Respectfully submitted,

  /s/ Stephen Murphy
Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email: stephen@stephenmurphy.attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Mary Lena Hutchison        efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on November 26, 2019.

Date:   11/26/2019

  /s/ Stephen Murphy
Stephen Murphy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 4 |
| | ) SS: | |
| COUNTY OF MADISON | ) | |

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | |
| | ) | | |
| vs. | ) | Case Number: | 48C04-1812-F4-003110 |
| | ) | | |
| JORDAN M BENNETT | ) | | |
| DEFENDANT. | ) | | |

# MOTION FOR EARLIER SETTING FOR
# TRIAL READINESS CONFERENCE

Comes now the defendant, by counsel, Stephen Murphy, and hereby files this Motion for Earlier Setting for Trial Readiness Conference, which readiness conference is presently set for January 14, 2020 at 1:30 p.m., and, in support thereof, shows the Court the following:

1.    On December 19, 2019, the undersigned had a jury trial affirmed in the matter of *State of Indiana v. Michael Travis Gullet* in 41C01-1812-F5-000117 in the Johnson Circuit Court on January 14, 2020 at 8:00 a.m.

2.    The defendant in that case is incarcerated.

3.    As a result of the jury trial in the matter of *State v. Gullett* being affirmed for jury trial on January 14, 2020, the same date and time as the readiness conference in this matter, the undersigned counsel has a calendaring conflict.

4.    The undersigned counsel would respectfully request this Court give greater deference to the jury trial over a trial readiness conference and grant this Motion.

WHEREFORE, the undersigned counsel requests the trial readiness conference in this matter be set to an earlier date than the presently scheduled date of January 14, 2020 at 1:30 p.m., due to a calendaring conflict with the undersigned's calendar, and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Stephen Murphy

_____

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Mobile:  317-941-3490
Email:  stephen@stephenmurphy.attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Peter Beyel   efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016

on December 19, 2019.

Date:  12/19/2019

/s/ Stephen Murphy

_____

Stephen Murphy

STATE OF INDIANA      )     IN THE MADISON CIRCUIT COURT 4

) SS:

COUNTY OF MADISON      )

STATE OF INDIANA      )

           )

    vs.               )     Case Number:     48C04-1812-F4-003110

           )

JORDAN M BENNETT      )

     DEFENDANT.      )

## ORDER GRANTING MOTION FOR
## EARLIER SETTING FOR TRIAL READINESS CONFERENCE

The defendant, by counsel, Stephen Murphy, having filed his Motion for Earlier

Setting for Trial Readiness Conference, and, the Court, having considered same and

being duly advised in the premises, now FINDS said Motion should be Granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Trial

Readiness Conference presently set in this matter for January 14, 2020 at 1:30 p.m.

shall be, and hereby is, VACATED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that a Trial

Readiness Conference shall be, and hereby is, set for the following date and time, with

all parties and their respective counsel ordered to appear:

Trial Readiness Conference set for: _____1-9-20 at 9:00AM._____

SO ORDERED.

**December 26, 2019**

HON. DAVID HARP[...]
JUDGE, MADISON CIRCUIT COURT 4

Distribution:
Stephen Murphy
Peter Beyel, Madison County Prosecutor's Office

STATE OF INDIANA         )        IN THE MADISON CIRCUIT COURT, DIV. IV
                                )SS:
COUNTY OF MADISON      )        2020 TERM

STATE OF INDIANA,                CAUSE NO.: 48C04-1812-F4-003110
      Plaintiff,

v.

JORDAN BENNETT,
      Defendant.

## <u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

Comes now the Court on consideration of Defendant's Motion to Dismiss, which was heard on January 9, 2020. Having had the matter under advisement since the hearing, the Court now finds and orders that:

1.      Defendant's motion to dismiss is presented in three parts:

      a.      Motion to exclude child hearsay,

      b.      Motion to exclude the child's testimony entirely, and

      c.      Motion to dismiss the case entirely, because if the two preceding motions are successful, the State does not have sufficient evidence to support its case.

2.      With respect to subsidiary motion 1(a) above, the Court finds that this request is premature, and is therefore denied as not yet ripe. Until the State has filed notice of its intention to present the child's hearsay statements under Indiana's Protected Person Statute, and the parties have had an opportunity to make appropriate record regarding the statutory factors, the Court cannot categorically deny the State the opportunity to present these statements.

3.      With respect to subsidiary motion 1(b) above, the Court cannot conclude on the

record before it that the child witness is so inconsistent and so uncomprehending of truth, falsity and the nature of the oath as to lack all competence to testify. Competence is measured at the time of testimony, not at the time an earlier statement is taken. The State must be afforded an opportunity to examine the child as to the ability to understand truth, falsity and the nature of an oath at the time of trial. A very young witness who struggled to give a statement over a year ago may well have matured to the point of being much more able to articulate the witness' understanding now. Likewise, a witness may have significant inconsistencies and still be competent to testify. It may be that the State can present enough corroboration of certain testimony as to make it credible to a jury. Or, the State may be able to explain apparent inconsistencies to a jury's satisfaction with context that gives weight to one version of the child's story while making an inconsistent version incredible. It is the jury's role to consider the weight to be given conflicting statements. Defendant's request to exclude the child's testimony entirely due to a lack of competence is denied.

4.      Procedurally, Defendant's request to prejudge the State's trial evidence as lacking sufficiency to support its case is premature. Traditionally, the State is granted an opportunity to present its evidence before it can be determined whether the evidence is sufficient to support the State's charge. Because Defendant's subsidiary motions above were denied, even assuming Defendant's motion to dismiss was not premature, Defendant has not demonstrated a dearth of support for the State's case. Therefore, the motion to dismiss the State's case is denied.

THEREFORE, Defendant's "Motion to Dismiss", including the subsidiary motions to exclude child hearsay and to exclude the child victim's testimony are denied.

SO ORDERED THIS 10TH DAY OF FEBRUARY, 2020.

David A. Happe, Judge

SEAL
MADISON COUNTY CIRCUIT COURTS
STATE OF INDIANA

DISTRIBUTION

RJO
State of Indiana, by counsel
Defendant, by counsel

STATE OF INDIANA       )    IN THE MADISON CIRCUIT COURT 4
                     ) SS:
COUNTY OF MADISON    )

STATE OF INDIANA       )
                     )
    vs.             )    Case Number: 48C04-1812-F4-003110
                     )
JORDAN M BENNETT     )
        DEFENDANT.    )

# Motion to Vacate No-Contact Order

Comes now the defendant, Jordan M. Bennett, by counsel, Stephen Murphy, and hereby requests the Court to VACATE the no-contact order in this case, and, in support thereof, shows the Court as follows:

1.    In November 2019, the Madison County Juvenile Court removed its no-contact order regarding Father and child and has ordered parenting time between Father and child.

2.    There is no continued justification for the no-contact order in this case.

WHEREFORE, the defendant, by counsel, hereby requests the Court issue an Order VACATING the no-contact and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ Stephen Murphy

Stephen Murphy #21030-49
P.O. Box 24671
Indianapolis, Indiana 46224-9998
Email: stephen@stephenmurphy.attorney
Mobile: 317-941-3490

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served upon the following parties by the method indicated:

Peter Beyel            efileandserve
MADISON COUNTY PROSECUTOR'S OFFICE
16 E. 9th Street
Anderson, IN 46016
on February 19, 2020.

Date:   2/19/2020                              /s/ Stephen Murphy
                                               _____
                                               Stephen Murphy