UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cr-00111-JPH-DML |
| ) | |
| JORDAN M. BENNETT, ) | |
| ) | |
| Defendant. ) | |

**ORDER SUMMARILY REMANDING THIS CASE AND
DENYING ALL PENDING MOTIONS**

The State of Indiana charged Jordan Bennett in the Madison County Circuit Court with child molestation in violation of the Indiana criminal code. Dkt. 1-1 at 2. Mr. Bennett filed a notice removing the prosecution to this Court. Dkt. 1. Recognizing that the notice of removal was filed well beyond the statutory deadline, Mr. Bennett also filed a motion for leave to file a late notice of removal. Dkt. 3. He later filed an amended notice of removal to clarify the alleged basis for jurisdiction, dkt. 6, and a motion for an evidentiary hearing, dkt. 7. For the reasons stated below, the case is summarily **REMANDED** to Madison County Circuit Court and Mr. Bennett's motions are **DENIED**.

The statute governing the removal of a state criminal prosecution to federal court requires the Court to examine the Notice of Removal to determine whether the case may proceed or if it must be summarily remanded to the state court. 28 U.S.C. § 1455(b)(4). The statute further provides that the defendant removing the case must show that the removal is timely and identify a federal jurisdictional basis. 28 U.S.C. § 1455(b)(1) and (2). If the court concludes that

1

removal should not be permitted, it "shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Mr. Bennett concedes that his notice of removal was untimely. Dkt. 3 at 1. Notice of removal of a criminal prosecution shall be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). For good cause shown, the Court may allow the notice of removal to be filed outside of this time period. 28 U.S.C. § 1455(b)(1).

Mr. Bennett was arraigned on or about December 17, 2018, making his notice of removal due in January 2019. Dkt. 1-1 at 3. Mr. Bennett argues that he has shown good cause to allow the notice of removal to be filed nearly a year and a half after the statutory deadline. Dkt. 3. He contends that after the 30-day time period expired, the State began violating his constitutional rights, thus giving rise to federal jurisdiction. Dkt. 3 at 1–2. But he does not allege when he discovered the alleged federal constitutional violations, either by date or in relation to when he removed this case. Mr. Bennett thus has not shown good cause to allow him to file a notice of removal outside of the timeframe prescribed by the statute. *See Morgan v. Washington*, 212 F. App'x 606, 608 (9th Cir. 2006) ("The district court did not err in finding [defendant] lacked good cause to excuse his tardy notice of removal because at no time in the district court did he declare *exactly when* he discovered the alleged bias of the detective or trial judge.") (emphasis added). *See also Illinois v. Sadder-Bey,* No.

17-CV-4999, 2017 WL 2987159 (N.D. Ill. July 13, 2017); *United States v. Jones*, No. 17-CR-207-PP, 2017 WL 6375747 (E.D. Wis. Dec. 13, 2017).

Even if Mr. Bennett had shown good cause for the untimely notice of removal, summary remand is still required because he has not established a basis for federal jurisdiction. State criminal defendants may remove criminal prosecutions to federal court only in limited, specific circumstances. 28 U.S.C. § 1442 only applies to federal officers or agencies while 28 U.S.C. § 1443 is limited to civil rights cases. Mr. Bennett does not cite either as a basis for jurisdiction and, as discussed further below, no facts are alleged that could support jurisdiction under either statute.

The sole statute that Mr. Bennett cites in support of federal jurisdiction, 28 U.S.C. § 1455, dkt. 6 at 1, provides only the procedure for removal of criminal prosecutions. It does not provide a jurisdictional basis.

Mr. Bennett contends that federal jurisdiction exists because the "right to relief requires the resolution of a substantial federal question," dkt. 6 at 1, and that his "constitutional rights to his child, and his Sixth Amendment Right to a fair trial" are being violated. *Id.* at 2. He cites *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Gunn v. Minton*, 568 U.S. 251 (2013) in support of federal jurisdiction. *Id.* at 1. But those cases apply 28 U.S.C. § 1331, a statute that confers jurisdiction over civil cases arising under federal law, and therefore are not controlling here.

Moreover, Mr. Bennett's allegations regarding rights arising under the Due Process Clause and the Sixth Amendment do not support his claim for

3

removal of the criminal case under § 1443(1). *See State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) (generally applicable constitutional guarantees do not support § 1443 removal). As the Supreme Court explained, "[i]t is not enough to support removal under § 1443(1) to allege or show . . . the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 827 (1966) Moreover, "[u]nder § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicated by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *Id.* at 828. *See also State of Wis. v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) (a person may not obtain removal just by alleging that "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

     Mr. Bennett has not shown that his case fits into one of the limited circumstances where a state criminal prosecution may be removed to federal court, nor has he established good cause for filing the notice of removal later than what is allowed under the statute. Accordingly, his case must be summarily remanded to state court. *See Sadder-Bey,* 2017 WL 2987159 (summarily remanding criminal case because it was untimely and the defendant did not establish a jurisdictional basis); *Jones,* 2017 WL 6375747 (same).

4

For these reasons, this case is summarily **REMANDED** to the Madison County Circuit Court. All pending motions and other filings, dkt. 3,4,7, are **DENIED AS MOOT**.

**SO ORDERED.**

Date: 6/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Stephen P. Murphy, Jr
STEPHEN MURPHY
stephen@stephenmurphy.attorney.com